# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW
ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

D: +1 202 974 1920
gcary@cgsh.com

June 20, 2019

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/19**

**BY FACSIMILE**

Hon. Victor Marrero
United States District Judge
500 Pearl St.
New York, NY 10007-1312

Re: *State of New York et al. v. Deutsche Telekom et al.*, No. 1:19-cv-05434-VM

Dear Judge Marrero,

I represent T-Mobile in the above-referenced case, and I am writing on behalf of all Defendants and in connection with Plaintiffs' correspondence sent earlier this evening. We are scheduled to appear before Your Honor for an initial case management conference at 10:00 a.m. on Friday, June 21.

Plaintiff states have filed suit under Section 7 of the Clayton Act, 15 U.S.C. §18, to enjoin the merger of T-Mobile and Sprint. Such cases are typically litigated on a fast track. *See* 15 U.S.C. §25 ("the court shall proceed, as soon as may be, to the hearing and determination of the case"). To this end, the parties agreed that a trial date of October 7, 2019 would be appropriate, and conditioned on the October 7 trial date, Defendants would agree not to close the merger pending the Court's decision after trial.

Prompt review of the proposed transaction is imperative because the merger of T-Mobile and Sprint will act as a catalyst to transform the wireless industry. As the Chairman of the Federal Communications Commission (the "FCC") has recognized, "[t]he construction of [New T-Mobile's 5G (short for Fifth Generation)] network and the delivery of such high-speed wireless

Hon. Victor Marrero
June 20, 2019
Page 2

services to the vast majority of Americans would substantially benefit consumers and our country as a whole." By combining T-Mobile's and Sprint's highly complementary mobile wireless network assets, consumers will have access to a network better than either company alone could hope to build, with greater capacity and faster speeds, and at lower cost.

Defendants believe that discovery in this case should be streamlined given the extensive investigation already conducted by the states over the last 14 months, in cooperation with their counterparts in the Antitrust Division of the United States Department of Justice (the "DOJ"). Armed with pre-complaint subpoena authority, the government requested and received from Defendants an enormous amount of information, documents, and data – more than 4.3 million documents (totaling 29.7 million pages which would fill almost 6,000 banker boxes), hundreds of pages of narrative responses to questions, large volumes of data, and more than 180 hours of depositions of company employees during that lengthy investigation. The government also had access to compulsory process of nonparty documents and information, and was able to hear from all interested parties over the past year. With this record, it is difficult to imagine that additional discovery would be material to Plaintiffs' case.

With this background in mind, we are attaching a proposed case management plan that is adapted from Your Honor's template. We believe this proposal will allow the parties to complete *necessary* discovery and be ready for trial by the agreed date of October 7. Defendants' proposed case management plan provides for the prompt production by the Plaintiffs of the nonparty materials they have collected during their investigation. We will also wish to take a limited number of depositions, not to exceed three hours each, of fact witnesses to be presented by Plaintiffs at trial. We expect relatively little non-party discovery. We also respectfully request an appropriate sequencing of expert reports and depositions. Specifically, we ask that, consistent with prior merger challenges in which one or more Plaintiff states have participated (e.g., *FTC et al., v. Sysco*, No. 15-cv-00256, *FTC et al., v. Staples/Office Depot*, No. 15-cv-02115, *FTC et al., v. Penn State Hershey Med. Ctr.*, No. 15-cv-2362), Plaintiffs file their expert reports first, followed by Defendants' expert reports a few weeks later.

Plaintiffs and Defendants agreed on a proposed trial start date of October 7. Plaintiffs have now raised questions about whether the October 7 date can be achieved in light of issues regarding expert reports and the timing of any DOJ settlement. We do not think these issues should have any bearing on the agreed-upon date. Plaintiffs' suggestion that the proposed litigation timeline would be unworkable if the parties enter into a settlement with the DOJ is simply incorrect. Were the Defendants to enter into a settlement with the DOJ, Plaintiffs likely would have full information on that settlement soon – and certainly well before the close of discovery. Moreover, Plaintiffs already have information about the commitments the parties made to the FCC, the expert agency responsible for overseeing the wireless industry. Plaintiffs thus have ample time to consider the terms of any settlement in crafting their litigation strategy.

We thank the Court for its consideration of this proposal.

Respectfully submitted,

/s/ George S. Cary

George S. Cary

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant T-Mobile.

SO ORDERED.

6-21-19
DATE    VICTOR MARRERO, U.S.D.J.