**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ 6/26/19 |
| DATE FILED: ___/28/19 |

STATE OF NEW YORK, *et al.*,

Plaintiffs,

v.

DEUTSCHE TELEKOM AG, *et al.*,

Defendants.

No. 19-cv-05434 (VM)

# ORIGINAL

## STIPULATED INTERIM PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), **ORDERS** as follows:

**A.    Definitions**

(1)    As used herein:

(a)    "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b)    "Confidential Information" means (i) any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G); or (ii) any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.  Notwithstanding any other provision of this Order, any mobile wireless network engineering or economic analyses (or

1

portions thereof) based on non-Party information that do not disclose or reflect competitively sensitive information of a non-Party shall not be considered Confidential Information.

(c)     "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(d)     "Defendants" means (i) T-Mobile USA, Inc., its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing, (ii) T-Mobile USA, Inc.'s majority shareholder, Deutsche Telekom AG, (iii) Sprint Corporation, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing, (iv) Sprint Corporation's majority shareholder, SoftBank Group Corp.

(e)     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f)     "Including" means including, but not limited to.

(g)     "Investigation" means any review, assessment, or investigation of the Planned Transaction, including any defense to any claim that the Planned Transaction would violate Section 7 of the Clayton Act, by any federal, state, or local government agency, including the United States Department of Justice and the Federal Communications Commission.

(h)     "Investigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of the Investigation that (i) were exchanged between any Party and any non-Party not having an attorney-client or common-interest relationship with the Party (*e.g.*, experts, consultants, counsel for co-Defendants, and counsel for other Plaintiffs), either voluntarily or

2

under compulsory process, during and in connection with the Investigation; or (ii) any Party provided to any other Party with which the providing Party does not have an attorney-client or common-interest relationship, either voluntarily or under compulsory process, during and in connection with the Investigation.

(i)     "Litigation Materials" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of this Action that (i) are exchanged between any Party and any non-Party not having an attorney-client or common-interest relationship with the Party (*e.g.*, experts, consultants, counsel for co-Defendants, and counsel for other Plaintiffs), either voluntarily or under compulsory process, in connection with and during the pendency of this Action; or (ii) any Party provides to any other Party with which the providing Party does not have an attorney-client or common-interest relationship, either voluntarily or under compulsory process, in connection with and during the pendency of this Action.

(j)     "Outside Counsel" means the firm(s) of attorneys representing a Plaintiff or Defendant in this Action, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Plaintiffs or Defendants that such outside counsel assigns to this Action, whose functions require access to the information.

(k)     "Party" means any Plaintiff or any Defendant in this Action. "Parties" means collectively Plaintiffs and Defendants in this Action.

(l)     "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, trust, or business entity.

3

(m)     "Personally Identifying Information" or "PII" means any information about an individual, including, but not limited to, education, financial transactions, medical history, and criminal or employment history and information which can be used to distinguish or trace an individual's identity, such as their name, social security number, date and place of birth, mother's maiden name, biometric records, etc., including any other personal information which is linked or linkable to a specific individual.

(n)     "Plaintiffs" means the States of New York, California, Colorado, Connecticut, Hawaii, Maryland, Michigan, Minnesota, Mississippi, Nevada, and Wisconsin, the Commonwealths of Massachusetts and Virginia, and the District of Columbia, as well as any other entities that later join the Action as a plaintiff.

(o)     "Planned Transaction" means T-Mobile US, Inc.'s planned acquisition of Sprint Corporation.

(p)     "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.    Notice**

(1)     Within three (3) calendar days of the Court's entry of this Order, each Party shall send by e-mail, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

(2)     If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, it may, within ten (10) calendar days after receipt of a copy of this Order, and after meeting and conferring with the Parties, enter an appearance in this Action for the sole purpose of filing a motion seeking additional protection from the Court for its Confidential Information. If a non-Party Protected Person timely files such a motion, the

Investigation Materials for which additional protection has been sought will be provided only to Outside Counsel until the non-Party Protected Person and the Parties have agreed, or the Court has ruled on the non-Party Protected Person's motion; provided that the motion does not seek to prevent Outside Counsel from receiving those Investigation Materials.

## C.     Designation of Confidential Information

(1)     **Right to Confidential Designation.**  A Protected Person may designate as Confidential Information any Investigation Materials or Litigation Materials, to the extent such information constitutes Confidential Information as defined in Paragraph A(1)(b) of this Order. Such designations constitute a representation to the Court that the Protected Person (and counsel, if any) in good faith believes that the Investigation Materials or Litigation Materials so designated constitute Confidential Information.

(2)     **Inadvertent Non-Designation.**  All Litigation Materials produced by a Protected Person will be treated as Confidential Information for ten (10) calendar days, even if not designated in accordance with this Order. Any production of documents, information, transcripts of testimony, or other materials not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Information. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential Information any Investigation Materials or Litigation Materials that the Protected Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.

No prior disclosure of newly designated Confidential Information shall violate this Order, provided that the prior disclosure occurred more than ten (10) calendar days after that material

5

was produced without having been designated as Confidential Information. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

(3) **Inadvertent Disclosure.** In the event of a disclosure of any Confidential Information to any Person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential Information.

(4) **Designation of Investigation Materials.** Investigation Materials submitted by a Protected Person, and any other materials that are entitled to confidentiality under the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), the Hart–Scott–Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), New York's Donnelly Act, N.Y. Gen. Bus. Law § 340 *et seq.*, California's Cartwright Act, Bus. & Professions Code Section 16520 *et seq.*, California Government Code Section 11180 *et seq.*, or under any other federal or state statute, regulation, or precedent, and any information taken from any portion of such document, however that information is recorded or transmitted, will be treated in the first instance as Confidential Information under this Order. All transcripts of depositions taken by the United States and/or Plaintiffs during the Investigation will be treated as Confidential Information in their entirety. Investigation Materials may be disclosed only in accordance with the procedures set forth in this Order. The confidentiality of

6

Investigation Materials may later be challenged under the provisions of Paragraph D below. This

Order does not require any Party to stamp or otherwise mark Investigation Materials as

Confidential Information, provided that the Investigation Materials are produced in electronic

format on a disk or other medium, and the Party designates the disk or other medium as

"CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or the Investigation Materials

were otherwise designated as confidential when produced during the Investigation.

(5)     **Designation of Litigation Materials.** The following procedures govern the

process for Protected Persons to designate as Confidential Information any information that they

disclose in this Action after this Order is entered, including but not limited to information in

response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in

response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)     *Copy of Order.* When discovery is sought from a non-Party in this Action

after entry of this Order, a copy of this Order must accompany the discovery request, unless the

non-Party has previously received a copy of this Order under Paragraph B.

(b)     *Deposition Testimony.* All transcripts of depositions taken by the Plaintiffs

or Defendants during this Action after entry of this Order will be treated as Confidential

Information in their entirety for fifteen (15) calendar days after the date when a complete and

final copy of the transcript has been made available to the deponent (or the deponent's counsel, if

applicable). Within fifteen (15) calendar days following receipt of the final transcript, the

deponent may designate as Confidential Information any portion of the deposition transcript, by

page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's

employer. Any portion of the transcript or exhibits not so designated will not be treated as

Confidential Information, despite any prior designation of confidentiality. To be effective, such

designations must be provided in writing to Plaintiffs' and Defendants' counsel listed for such purpose in the Case Management Order.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Confidential Information, the Party that asked such questions shall designate as Confidential Information the portion of the transcript that reveals such Confidential Information.

(c)     *Documents.* A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or similar designation, in a manner that will not interfere with legibility or audibility.

(d)     *Litigation Materials.* Litigation Materials submitted by a Protected Person, and any information taken from any portion of such materials, however that information is recorded or transmitted, will be treated for ten (10) calendar days as Confidential Information under this Order. Litigation Materials may be used and disclosed only in accordance with the procedures set forth in this Order. The confidentiality of Litigation Materials may later be challenged under the provisions of Paragraph D below.

(e)     *Electronic Documents and Data.* Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information

8

produced in electronic format, including by making such designations in reasonably accessible

metadata associated with the files or slipsheets that accompany the native files.

Where Confidential Information is produced in electronic format on a disk or other

medium that contains Confidential Information, the "CONFIDENTIAL—SUBJECT TO

PROTECTIVE ORDER" designation may be placed on the disk or other medium. When

electronic files or documents in native form are printed for use at deposition, in a court

proceeding, or for provision in printed form to any person described in Paragraph E(1)(c), the

Party printing the electronic files or documents shall affix a legend to the printed document with

the production number and any designation of Confidential Information associated with the

native file, or use another reasonable method for appropriately designating such information.

**D.      Challenges to Confidentiality Designations**

(1)      Any Party who objects to any designation of confidentiality may at any time

before the trial of this Action provide a written notice to the Protected Person who made such

designation and all Parties stating with particularity the grounds for the objection. All materials

objected to shall continue to be treated as Confidential Information pending resolution of the

dispute.

(2)      Within seven (7) calendar days of the objecting Party's written notice, the

objecting Party and the Protected Person shall attempt to confer to discuss their respective

positions. If the objecting Party and the Protected Person cannot reach agreement on the

objection within seven (7) calendar days of the objecting Party's written notice, the objecting

Party may address the dispute to this Court by filing a pre-motion letter and/or motion in

accordance with applicable rules. In any such proceedings, the Protected Person bears the burden

of persuading the Court that the material is Confidential Information within the definition set

forth in Paragraph A(1)(b). The designated information shall be treated in accordance with its

9

Confidential Information designation under this Order until the Court rules on the objecting Party's timely filed motion. If the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information under this Order.

(3)     This Order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

(4)     This Order shall not preclude or prejudice any Person from objecting to production of documents or other materials under the rules that otherwise apply to discovery of information.

**E.     Disclosure of Confidential Information**

(1)     Confidential Information may be disclosed only to the following Persons:

(a)     the Court and all Persons assisting the Court in this Action, including special masters, law clerks, court reporters, and stenographic or clerical personnel;

(b)     Plaintiffs' attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by Plaintiffs to assist in this Action, whose functions require access to the information;

(c)     Plaintiffs' and Defendants' Outside Counsel in this Action;

(d)     outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that the company shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

10

(e)     any mediator or arbitrator (including his or her staff) that the Parties engage in this Action or that this Court appoints;

(f)     Persons who are authors, addressees, and recipients of particular information designated as Confidential Information solely to the extent they have previously had lawful access to the particular Confidential Information that was disclosed or is to be disclosed; or persons for whom counsel for Plaintiffs or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g)     any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(h)     outside trial consultants (including, but not limited to, graphics consultants), provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i)     four (4) in-house litigation counsel of each Defendant with responsibilities for the litigation of this Action and whose day-to-day duties with the company do not currently, and for a period of nine (9) months following the Court's entry of this Order shall not, include advising on or participating in decisions related to ordinary-course commercial matters, provided that each such in-house litigation counsel shall first execute an In-House Litigation Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto (which executed versions shall be maintained by Outside Counsel for the relevant

11

Defendant and available for inspection upon the request of the Court, any Party, or any non-Party

Protected Person); subject to resolution of any motion filed by a non-Party Protected Person

pursuant to Paragraph B(2) or Paragraph E(2) of this Order, and subject to any further order of

the Court.

  (2)  Within three (3) calendar days of execution of the In-House Litigation Counsel

Agreement Concerning Confidentiality in the form of Appendix B, counsel for Defendants shall

provide a list of such in-house litigation counsel to counsel for Plaintiffs, who shall as promptly

as possible provide such list to any interested non-Party Protected Person (or, if represented by

counsel, the non-Party Protected Person's counsel).  If any non-Party Protected Person has good

cause to believe that any such in-house litigation counsel do not meet the requirements of

Paragraph E(1)(i) or otherwise has concerns regarding such in-house litigation counsel's access

to the non-Party Protected Person's Confidential Information, it may, within ten (10) calendar

days after receipt of such list from counsel for Plaintiffs, and after meeting and conferring with

the Parties, enter an appearance in this Action for the sole purpose of filing a motion seeking

additional protection from the Court for its Confidential Information provided to such in-house

litigation counsel.

  (3)  Defendants reserve the right to move to amend this Order to allow disclosure of

Confidential Information to additional in-house counsel (including, but not limited to, each

Defendant's General Counsel or equivalent lead in-house counsel position).  Should the

Defendants move to amend the Order, any non-Party Protected Person whose Confidential

Information would be disclosed to Defendants' additional in-house counsel under the provisions

of the amended order may, within ten (10) calendar days of the filing of Defendants' motion to

amend, file a response objecting to the amendment or seeking additional protection from the

Court for its Confidential Information to be provided to such additional in-house counsel.

Plaintiffs reserve the right to object to any motion by Defendants to amend this Order to allow

disclosure of Confidential Information to additional in-house counsel.

(4)     Counsel for the Party making the disclosure to any Persons identified in

Paragraphs E(1)(d), (g), and (h) retained by the Party must retain the original of the Agreement

Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one

year following the final resolution of this Action.

(5)     Each individual described in Paragraph E(1) of this Order to whom information

designated as Confidential Information is disclosed must not disclose that Confidential

Information to any other individual, except as provided in this Order.

(6)     All information, documents, data, and other materials (including but not limited to

Confidential Information) produced by a Party or a non-Party as part of this proceeding shall be

used solely for the conduct of this Action and shall not be used for any business, commercial,

competitive, personal, or other purpose.

(7)     In the event that any Party seeks to use any non-Party Protected Person's

Confidential Information in any deposition taken in this Action, such information shall not be

disclosed to any Person (including, but not limited to, Party representatives) other than those

Persons described in Paragraph E(1) of this Order. No Person other than those Persons described

in Paragraph E(1) of this Order may attend the portion of any deposition related to any non-Party

Protected Person's Confidential Information, and will not be provided copies of the transcripts or

exhibits for such portions of the depositions.

(8)     Notwithstanding any other provision of this Order, portions of any filings,

documents, or testimony containing non-aggregated NRUF/LNP data, or Confidential

13

Information from which non-aggregated NRUF/LNP data can be readily ascertained, shall be clearly stamped or otherwise marked "Sensitive NRUF/LNP Data – Outside Counsel Only" (or similar designation) by the Party or Protected Person producing or proffering such filings, documents, testimony, or Confidential Information and shall be redacted from any public filing (pursuant to the procedures in Paragraph F.(1) of this Order). Any filings, documents, testimony, or Confidential Information clearly stamped or otherwise marked "Sensitive NRUF/LNP Data – Outside Counsel Only" (or similar designation) shall be treated by the Parties consistent with the terms of applicable Federal Communications Commission orders and rules and shall not be provided to Defendants' in-house counsel who do not otherwise have access to such non-aggregated NRUF/LNP data under the terms of such applicable orders and rules, unless the non-aggregated NRUF/LNP has been redacted.

(9)     Notwithstanding any other provision of this Order, any Party shall be permitted to request that the Court (by modification of this Order, other order, or otherwise) afford particular treatment or establish particular protocols for any Investigation Materials, Litigation Materials, or other Confidential Information, including, but not limited to, with respect to which Persons may access or receive such Investigation Materials, Litigation Materials, or other Confidential Information.

(10)    Nothing in this Order:

(a)     limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(b)     prevents disclosure of Confidential Information by any Party to any current or former employee or corporate representative of the Protected Person that designated

14

the Confidential Information (*e.g.*, during a deposition of such current or former employee or corporate representative);

      (c)    prevents disclosure of Confidential Information by any Party with the consent of the Protected Person that designated the material as Confidential Information;

      (d)    prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court;

      (e)    prevents Plaintiffs, subject to taking appropriate steps to preserve the further confidentiality of such information, from retaining or disclosing Confidential Information to secure compliance with a Final Judgment that is entered in this Action; or

      (f)    prevents Plaintiffs' retention or use or disclosure of Confidential Information outside the context of this Action to the extent permitted by applicable law or regulation, or for law enforcement purposes, or as required by law, court order, or regulation.

**F.**    **Use of Information Designated Confidential in This Action**

    (1)    If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must file such Confidential Information under seal, in accordance with applicable rules. This Order hereby grants the Parties leave to file such properly designated Confidential Information under seal. For any document filed under seal pursuant to this Order, the filing Party shall within fourteen (14) calendar days after filing under seal file with the Court a public version of the document with the Confidential Information redacted.

Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

(2)     Disclosure at trial or any evidentiary hearing of documents, testimony, and other materials designated as Confidential Information will be governed pursuant to a separate Court order. To the extent not already covered by the Court's other pretrial orders, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to any Protected Person whose Confidential Information is expected to be used at trial or any evidentiary hearing.

**G.     Inadvertent Production of Privileged Information**

(1)     Under Federal Rule of Evidence 502(d), the production of any documents or data subject to attorney-client privilege, work-product protection, or other applicable legal or evidentiary privilege ("Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding.

(2)     A Party or person claiming privilege or other protections for Produced Privileged Material must promptly notify any and all Receiving Parties that received the documents and provide sufficient information to the Receiving Party regarding the asserted privileges, in the form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure. Alternatively, if a Receiving Party discovers a document that it believes to be Produced Privileged Material, the Receiving Party will promptly notify the Designating Party of what it believes to be the Produced Privileged Material (no Receiving Party will be found in violation of this Order for failing to identify Produced Privileged Material).

16

(3)     After discovering or being notified of Produced Privileged Material, any Receiving Party may not review, use, or disclose the inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within five (5) calendar days of discovering or being notified of Produced Privileged Material, any Receiving Party must return, sequester, or destroy the specified material and any copies. The Designating Party must retain a copy of the material until the resolution or termination of this Case. A Party may move the Court for an order compelling production of the material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review. Any such submission of privileged material for in camera review shall not constitute a waiver of any applicable privilege.

(4)     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Party or person that produced the materials of such occurrence.

(5)     This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review. Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is proportionate (*i.e.*, that the benefit of the discovery is not as great as the cost of said discovery including review).

**H.     Disclosure of Documents Containing Personally Identifying Information**

In the course of the Investigation, the Defendants and other Protected Persons may have produced documents and data to Plaintiffs or other investigating agencies that contain PII. The Parties have taken a series of steps to protect that PII from unnecessary disclosure. In the event that any Party makes a valid discovery request upon any other Party or Protected Person for documents and information that contain PII, the producing Party or Protected Person shall produce such materials in a manner to be agreed upon by the Parties that does not disclose PII, unless ordered otherwise by the Court.

**I.     Procedures upon Termination of This Action**

(1)     The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within ninety (90) calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all Persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential Information and certify that fact in writing to the Protected Person. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential Information to any Person except pursuant to Court order or agreement with the Protected Person that produced the Confidential Information or as otherwise permitted herein. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph. Nothing in this Paragraph, however, restricts the rights of the Parties under Paragraph E of this Order.

**J.      Right to Seek Modification**

Nothing in this Order limits any Person, including members of the public or a Protected Person, from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**K.      The Privacy Act**

Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**L.      Persons Bound by This Order**

This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

PLAINTIFF STATE OF NEW YORK
LETITIA JAMES
ATTORNEY GENERAL

ON BEHALF OF NEW YORK AND ALL PLAINTIFF STATES

BY: ____/s/ Jeremy R. Kasha _____
Jeremy R. Kasha
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Tel.: (212) 416-8277
Email: Jeremy.Kasha@ag.ny.gov

CLEARY GOTTLIEB STEEN & HAMILTON LLP

BY:     ___/s/ George S. Cary_____
        George S. Cary (*pro hac vice*)
        David I. Gelfand (*pro hac vice*)
        Mark W. Nelson (*pro hac vice*)
        2112 Pennsylvania Avenue, NW
        Washington, DC 20037
        Tel.: (202) 974-1500
        Fax: (202) 974-1999
        Email: gcary@cgsh.com
               dgelfand@cgsh.com
               mnelson@cgsh.com

        *Counsel for Defendant T-Mobile US, Inc.*

WILMER CUTLER PICKERING HALE AND DORR LLP

BY:     ___/s/ Hallie B. Levin_____
        Hallie B. Levin
        7 World Trade Center
        250 Greenwich Street
        New York, NY 10007
        Tel.: (212) 295-6710
        Fax: (212) 230-8888
        Email: hallie.levin@wilmerhale.com

        *Counsel for Defendant T-Mobile US, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

BY:     ___/s/ Steven C. Sunshine_____
        Steven C. Sunshine
        Julia K. York (*pro hac vice*)
        1440 New York Avenue NW
        Washington, DC 20005
        Tel.: (202) 371-7000
        Fax: (202) 393-5760
        Email: steve.sunshine@skadden.com
               julia.york@skadden.com

        Karen Hoffman Lent
        4 Times Square
        New York, NY 10036
        Tel.: (212) 735-3000
        Fax: (212) 735-2000
        Email: karen.lent@skadden.com

        *Counsel for Defendant Sprint Corp.*

MORRISON & FOERSTER LLP

BY:   ___/s/ Grant J. Esposito_____
        Grant J. Esposito
        David J. Fioccola
        250 West 55th Street
        New York, NY 10019
        Tel.: (212) 468-8000
        Fax: (212) 468-7900
        Email: gesposito@mofo.com
                dfioccola@mofo.com

        David L. Meyer (*pro hac vice*)
        Bradley S. Lui (*pro hac vice*)
        2000 Pennsylvania Avenue, NW, Suite 6000
        Washington, DC 20006-1888
        Tel.: (202) 887-1500
        Fax: (202) 887-0763
        Email: dmeyer@mofo.com
                blui@mofo.com

        *Counsel for Defendants SoftBank Group Corp.
        and Sprint Corporation*

GIBSON, DUNN & CRUTCHER LLP

BY:   ___/s/ Richard G. Parker_____
        Richard G. Parker (*pro hac vice*)
        1050 Connecticut Avenue, NW
        Washington DC 20036-5306
        Tel.: (202) 955-8503
        Fax: (202) 530-9518
        Email: rparker@gibsondunn.com

        *Counsel for Defendant Deutsche Telekom AG*

**SO ORDERED.**

6-28-19
DATE                    VICTOR MARRERO, U.S.D.J.

22

## APPENDIX A

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____.

I hereby certify that:

1. I have read the Stipulated Interim Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Stipulated Interim Protective Order entered in the above-captioned action and agree to use the information provided to me only as explicitly provided in this Stipulated Interim Protective Order.

3. I understand that my failure to abide by the terms of the Stipulated Interim Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Stipulated Interim Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certification this _____ day of _____, 20___.

_____
SIGNATURE

24

## APPENDIX B

## IN-HOUSE LITIGATION COUNSEL AGREEMENT CONCERNING

## CONFIDENTIALITY

I, _____, am employed as _____ by _____.

I hereby certify that:

1. I have read the Stipulated Interim Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Stipulated Interim Protective Order entered in the above-captioned action, agree that in my role as in-house litigation counsel for the above Defendant company I meet the requirements of Paragraph E(1)(i) of this Stipulated Interim Protective Order, and agree to use the information provided to me only as explicitly provided in this Stipulated Interim Protective Order.

3. I understand that my failure to abide by the terms of the Stipulated Interim Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Stipulated Interim Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certification this _____ day of _____, 20___.


_____
SIGNATURE