# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

D: +1 202 974 1690
dgelfand@cgsh.com

June 28, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/19

**BY FACSIMILE**

Hon. Victor Marrero
United States District Judge
500 Pearl St.
New York, NY 10007-1312

Re: *State of New York et al. v. Deutsche Telekom et al.*, No. 1:19-cv-05434-VM

Dear Judge Marrero,

   I represent T-Mobile in the above-referenced case, and I am writing on behalf of all Defendants. After last week's scheduling conference, Your Honor ordered the parties to submit a case management plan consistent with an October 7, 2019 trial date. Defendants are pleased to report that the parties have made substantial progress since last week's conference and have reached agreement on nearly every issue. A few items have proved intractable, and we therefore respectfully ask the Court to resolve these remaining disputes. A proposed case management plan setting forth both the areas of agreement and those where there is continued disagreement is attached to this letter.

Depositions:

   Defendants initially proposed, consistent with Your Honor's individual rules, that the parties limit depositions to witnesses on each side's trial witness lists, expert witnesses, and then 15 deposition hours for all other fact witnesses. After substantial discussion, Defendants have made a compromise proposal allowing depositions of all witnesses on the opposing side's witness list, expert witnesses, and up to 60 hours of additional deposition time, with all fact witness

Hon. Victor Marrero
June 28, 2019
Page 2

depositions subject to three-hour limit absent agreement of the parties or good cause shown. *See* Case Management Plan ("CMP") ¶ 8D. Plaintiffs, however, have taken the position that they require a 7-hour limit for all fact witness depositions, and 150 hours of additional deposition time per side, in addition to parties on the other side's witness lists, and experts. *See* CMP ¶ 8D.

The amount of deposition time that plaintiffs seek is not warranted. Unlike in typical civil litigation, plaintiffs here are not operating on a blank slate. They collaborated with the United States Department of Justice during its year-long investigation of the proposed merger, which involved more than 180 hours of depositions of party employees. In addition, 18 hours of testimony were taken from party witnesses at public hearings before the California Public Utilities Commission, and Sprint and T-Mobile's CEOs spent more than nine hours testifying about the merger before Congress. Plaintiffs will likely point to other merger challenges where the parties received more deposition time than defendants propose here. But those cases are inapposite. Undersigned counsel and other defense counsel in this case have many years of experience handling merger investigations. The pre-complaint deposition time in this investigation was far higher than is typical and exceeded what counsel can recall in any other investigation.

Defendants' compromise proposal would permit plaintiffs to take at least 20 more depositions, assuming each deposition lasts the full three hours, plus the depositions of the Defendants' trial and expert witnesses. This number of depositions far exceeds the presumptive limit of 10 depositions found in Fed. R. Civ. P. 30(a)(2)(A)(i), and Your Honor's standard practice of five depositions of no more than three hours each. It also avoids subjecting party and nonparty witnesses alike to depositions that are mere "fishing expositions," and should be more than sufficient for both sides to prepare for trial. In multiple discussions on this topic, plaintiffs have not explained to us why they need such extensive deposition discovery given the massive investigative record that they have accumulated over the past year. And of course, if such a need materialized, plaintiffs could ask defendants for additional time, and if consent were unreasonably withheld, petition the Court for more time as needed.

Next, plaintiffs ask the Court to compel all employees of either party, wherever in the world those employees happen to be located, to appear for depositions in either New York or California because those locations are the most convenient for plaintiffs' counsel. *See* CMP ¶ 8F. This proposal contravenes the "general presumption that a defendant's deposition will be held in the district of his residence." *See, e.g., Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001); *see also Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 390 (S.D.N.Y. 2011) ("The usual rule . . . is that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located."). Plaintiffs have said that changing the standard presumption would help them move more quickly, but plaintiffs have hired sophisticated private outside counsel that can easily travel to where Defendants' employees reside for depositions. Defendants will work with plaintiffs on a case-by-case basis to conveniently locate depositions but cannot commit in advance that all depositions *must* occur in either New York or California (where no anticipated party deponents live or work) simply because Plaintiffs so demand. In certain cases, travel to New York or California may be unduly burdensome or infeasible for employee witnesses,

Hon. Victor Marrero
June 28, 2019
Page 3

especially in the case of foreign employees. In such cases, "the convenience of counsel is less compelling than any hardship to the witness." *Dagen v. CFC Group Holdings Ltd.*, 2003 WL 21910861, at *4.

Trial Witnesses:

Similarly, plaintiffs' blanket request that any employee of one of the defendants be brought to testify live at trial, regardless of circumstance, is unreasonable. *See* CMP ¶ 10B. Plaintiffs' proposal is at odds with Fed. R. Civ. P. 45, which "does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles [to attend trial] unless the party officer resides, is employed, or regularly transacts business in person in the state." *See Saget v. Trump*, 351 F. Supp. 3d 251, 253-54 (E.D.N.Y. 2019) (quoting Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment); *see also Buchwald v. Renco Group, Inc.*, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014) ("this Court cannot *compel* [party-employee] witnesses in question to testify at trial."). However, Defendants are willing to meet and confer with plaintiffs once witness lists are exchanged about bringing witnesses to testify live at trial. *See* CMP ¶ 10B.

Trial Date:

Lastly, while the parties agree on an October 7, 2019 trial date, and T-Mobile has agreed that it will provide information about any settlement agreement reached with the United States Department of Justice by dates certain, the parties disagree about what should be the impact if Defendants fail to provide that information on the dates specified. *See* CMP ¶ 10A. Plaintiffs would have the entire case schedule automatically canceled, and the trial date postponed even if the deadline is missed by just one day. Defendants instead propose that if a deadline is missed that the Court hold a status conference to assess whether any changes to the trial date or case schedule are necessary. This latter approach sensibly does not allow minor or technical issues with Defendants' compliance from terminating the entire case schedule and postponing the trial. Defendants' position is also consistent with and respects "the Court's inherent discretion to control its docket." *DaPuzzo v. Globalvest Management Co., L.P.*, 263 F. Supp. 2d 714, 735 (S.D.N.Y. 2003) (Marrero, J.).

Respectfully submitted,

/s/ David I. Gelfand

David I. Gelfand

cc: All Counsel of Record

The parties are directed to address the matter set forth above to Magistrate Judge _Robert Lehrburger_, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

_6-28-19_
Date

VICTOR MARRERO, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
STATE OF NEW YORK, et al.,

                    Plaintiffs,       Case No. 1:19-cv-05434-VM

              v.      [PROPOSED]
                          CIVIL CASE MANAGEMENT PLAN
DEUTSCHE TELEKOM AG, et al.,     AND SCHEDULING ORDER

                    Defendants.

--------------------------------x

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16 and 26(f).

1.     This case is not to be tried to a jury.

2.     Defendants have accepted service of the Complaint and Amended Complaint and have waived service of a summons.

3.     Responsive Pleadings: Defendants will answer the Amended Complaint by July 9, 2019. If a dispositive motion is filed, Plaintiffs may seek a continuance of the trial date and a corresponding modification of the schedule.

4.     Defendants agree not to consummate or otherwise complete the challenged transaction until 12:01 A.M. PT on the sixth day following the entry of a final and appealable judgment, and only if the Court enters judgment in favor of Defendants or otherwise permits consummation of the challenged transaction.

5.     Joinder: Additional Plaintiffs may be joined without leave of the Court within 7 days of entry of this Order, but only if all parties agree. If the parties do not agree, joinder may be accomplished by leave of the Court.

6.  Amended Pleadings: The Complaint may be amended without leave of the Court within 7 days of entry of this Order, but only if all parties agree. If the parties do not agree, amendment may be accomplished by leave of the Court.

7.  The parties agree to forego Fed. R. Civ. P. 26(a)(1) initial disclosures.

8.  Discovery: All fact discovery is to be completed by <u>August 23, 2019,</u> except that depositions of witnesses not disclosed on the parties' preliminary witness lists but included on the parties' final witness lists must be completed by <u>September 6, 2019</u>, and the parties may agree in writing to take specific depositions after August 23, 2019.

   A.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

   B.  Initial requests for production of documents were served by all sides on June 24, 2019. The parties agree to meet and confer within 4 days of the service of any request and to respond in writing to requests for production within 7 days of service of each request. Where there is an agreement among the parties to produce responsive documents to a particular request for the production of documents, the parties agree to engage in prompt rolling productions and to substantially complete all document productions within 30 days of such agreement. The parties agree to expeditiously present any disputes to the Court.

   C.  Regarding interrogatories, the parties agree to adhere to the substantive limits in LCR 33.3(a) throughout discovery. Each side is limited to a maximum of 10 interrogatories, counting subparts. Responses to interrogatories shall be made within 14 days of the service of such interrogatories.

D.  Length of Depositions

   Plaintiffs' Position: Each side may take 150 hours of fact depositions. Each side may also take depositions of all individuals on the other side's trial witness lists and expert witness lists, which shall not count against the 150-hour limit. Unless otherwise agreed, or for good cause shown, all fact witness depositions are subject to a seven-hour limit.

   Defendants' Position: Each side may take 60 hours of fact depositions. Each side may also take depositions of all individuals on the other side's trial witness lists and expert witness lists, which shall not count against the 60-hour limit. Unless otherwise agreed, or for good cause shown, all fact witness depositions are subject to a three-hour limit.

E.  Non-party depositions may occur concurrently with party depositions; depositions of all parties shall proceed at the same time.

F.  Location of Depositions

   Plaintiffs' Position: All party depositions are to take place in New York or California, except that Defendants may request that any 4 party depositions take place outside of those jurisdictions (but in the United States) where necessary for the convenience of the witness.

   Defendants' Position: Defendants agree to work with Plaintiffs regarding the location of party depositions on a case-by-case basis.

G.  Rule 45 subpoenas will be served by August 9, except those related to a witness on a party's final witness list, but not previously disclosed, may be served until August 20, 2019.

H.  The parties shall not serve Requests for Admission unless required to resolve differences relating to authenticity and admissibility of evidence. All responses will be due within 21 days of the service of such requests. The parties reserve all rights to object to any Request for Admission on any ground. All documents produced by a Defendant are presumed authentic for purposes of Federal Rule of Evidence 901 if the document was created by or on behalf of the Defendant.

9. Experts: All expert discovery including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b) is to be completed by September 20, 2019. All expert reports may be transmitted by electronic means.

    A. Each side shall identify all experts that it expects to call, along with a brief statement of the subject matter on which the expert will testify, by July 15, 2019. Each side shall identify all experts that it expects to call in rebuttal, along with a brief statement of the subject matter on which the expert will testify, by July 30, 2019.

    B. Expert Reports:

        i. Opening expert reports shall be exchanged by 5:00 P.M. EDT on August 7, 2019. The parties shall deliver to one another their expert rebuttal reports by 5:00 PM EDT on August 28, 2019. The parties shall deliver to one another their expert reply reports by 5:00 PM EDT on September 11, 2019. The parties shall disclose the following materials with all expert reports (including rebuttal and reply reports): (i) Copies of any materials relied on by the testifying expert that were not previously produced and are not available publicly; and (ii) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial data files, and any intermediate files.

        ii. Defendants' expert reports on the effect of the transaction and its implementation on costs and network capacity and performance, efficiencies, failing firm, the financial condition of Sprint, and "weakened competitor" or "flailing firm" shall be included in initial reports served by Defendants on August 7, 2019. Nothing in this subsection precludes Defendants from submitting expert testimony on these issues in rebuttal or reply reports to the extent such testimony rebuts or replies to Plaintiffs' expert reports.

10. Trial

    A. Trial Date: The parties request a trial date of October 7, 2019, *provided* that (i) by June 28, 2019, Plaintiffs receive all material terms relating to any settlement agreement(s) reached between the Defendants and the USDOJ, including but not limited to all

- 4 -

material terms of any related agreements involving third parties; and (ii) by July 12, 2019, Plaintiffs receive all definitive documents that will be used to implement such agreements.

> Plaintiffs' Position: In the event these conditions are not met, the schedule set forth in this Case Management Order shall not be operative, and the parties request that this court promptly set a status conference to set a new trial date and modify the schedule accordingly.
>
> Defendants' Position: In the event the conditions above are not met, the parties request that this court promptly set a status conference to consider whether a new trial date is necessary and to modify the schedule accordingly.

B.  Witnesses: The parties shall exchange preliminary trial witness lists by July 3, 2019. The parties shall exchange final witness lists no later than August 7, 2019.

> Plaintiffs' Position: The parties agree to bring any witness currently employed by a party, or represented by counsel for a party, to the trial to be held by this Court, if requested by the other party.
>
> Defendants' Position: The parties shall meet and confer to discuss the availability of witnesses for trial after witness lists are disclosed.

C.  The parties commit to a two-week trial with time equitably divided, Defendants reserve the right to seek a third week of trial once Plaintiffs disclose their final witness list and Plaintiffs agree not to oppose such a request provided that any additional trial time is equitably divided.

11. The parties shall submit a Joint Pretrial Order by September 23, 2019.

12. The parties request a final pretrial conference the week of September 30, 2019.

13. Post-Trial Briefing: The parties agree that post-trial briefing shall be submitted on a schedule to be set by the Court in consultation with the parties at the final pre-trial conference.

14. Following the completion of all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than September 30, 2019.

15. The parties do not consent to a trial by Magistrate Judge under 28 U.S.C. § 636(c).

**SO ORDERED:**

Dated: _____, 2019
New York, New York

_____
Hon. Victor Marrero, U.S.D.J.