**MUNGER, TOLLES & OLSON LLP**

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

June 28, 2019

BY FAX

Hon. Victor Marrero
United States District Judge
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/19

Re:  *State of New York et al. v. Deutsche Telekom et al.*, No. 1:19-cv-05434-VM

Dear Judge Marrero:

Although the parties have agreed on a number of discovery and scheduling issues and are submitting a Joint Case Management Order for the Court's consideration, the following important issues remain unresolved: (1) the impact on the schedule and trial date if Defendants fail to divulge the terms and definitive documents related to any agreement entered into with the Department of Justice (USDOJ) in accordance with the Joint Case Management Order; (2) the length, location and aggregate number of hours of depositions; and (3) Defendants' unwillingness to commit to bringing their employees to trial in New York if Plaintiff States wish to call them as witnesses.

## I. The Need for Defendants to Disclose the Terms of a Settlement Agreement in a Timely Fashion Under the Proposed Schedule

Plaintiff States repeatedly informed Defendants throughout the parties' negotiations that they could not agree to an October 7, 2019 trial date unless Defendants committed to promptly disclose any agreements with the USDOJ regarding their transaction, including related agreements with third parties. *See* Letter from Glenn D. Pomerantz to Hon. Victor Marrero at 1 (June 20, 2019) (ECF No. 57). Moments before the case management conference, Defendants, to secure an October 7 trial date, agreed to the schedule Plaintiff States proposed for disclosure of the agreements at issue. Plaintiff States then reported to the Court (and Defendants confirmed) that "the defendants have indicated that they're willing to go forward with the terms set forth in paragraphs 10A and 10B of [Plaintiff States'] proposed order. In principle, we still have to work out some language."[1]

Paragraph 10A described the timing of Defendants' required disclosures and is not in dispute. Paragraph 10B described what would happen if Defendants failed to live up to their commitment: "the schedule set forth in this Case Management Order shall not be operative, and the parties [will] request that this court promptly set a status conference to set a new trial date and modify the schedule accordingly." This paragraph reflected a simple principle: if Defendants do not timely disclose their agreements with USDOJ (and related third parties)—information that could potentially alter discovery and expert analysis—then Plaintiff States cannot be expected to be ready for trial on October 7, 2019.

The parties are directed to address the matter set forth above to Magistrate Judge Robert F. Lehrburger, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

6-28-19
Date

Victor Marrero, U.S.D.J.

---

[1] Tr. at 8:18-23; 10:11-14.

MUNGER, TOLLES & OLSON LLP

June 28, 2019
Page 2

Plaintiff States' proposal in the Joint Case Management Order retains the exact language referenced in Court. However, Defendants have now retreated from their earlier agreement and suggested that a delay in providing Plaintiff States with this vitally important information will not necessarily extend the trial date. The bargain announced in Court recognized that an October 7, 2019 trial date was appropriate *only if* Defendants disclosed any changes to their transaction on the agreed-upon schedule. Defendants are seeking to change a condition of Plaintiff States' agreement to the October 7 trial date. Plaintiff States request that the Court reject that attempt.

## II. Fact Witness Depositions

### A. Time Allocated for Fact Witness Depositions

Plaintiff States have proposed that each side be permitted to take 150 hours of fact witness depositions, with each witness limited to seven hours absent leave of the Court. Depositions of witnesses on the opposing side's trial witness list would not count against this 150 hour cap. By contrast, Defendants seek to limit each side to 60 hours of fact witness depositions (not counting depositions of witnesses on the opposing side's trial witness list), with each deposition limited to three hours unless otherwise agreed or for good cause shown. Defendants' proposal would severely prejudice Plaintiff States. Plaintiff States are aware of Your Honor's Individual Practices regarding depositions and will endeavor to minimize the number and length of depositions. But, as the Court recognized at the initial case management conference, this case involves numerous complex issues, including the anticompetitive effects of this merger in national and local markets. Plaintiff States require a reasonable opportunity to develop admissible evidence on these issues.

Plaintiff States' proposal is consistent with Case Management Orders that were entered in cases similar in scope and complexity.[2] It is also consistent with the 2011 challenge to AT&T's proposed acquisition of T-Mobile in which depositions were limited to "no more than 30 per side (excluding experts), plus depositions of the parties' designated [trial] witnesses," with the majority of depositions limited to 7 hours of testimony. Stipulated Scheduling and Case Management Order at 4-5, United States v. AT&T Inc., *et al.*, 11-cv-1560-ESH (D.D.C.) (No. 33).

---

[2] *See United States v. Aetna*, Case Management Order at 10, 16-cv-01494-JDB (D.D.C.) (No. 55) (Aetna/Humana) ("25 depositions of fact witnesses, plus . . . depositions of any persons identified on the preliminary or final trial witness lists," with each deposition limited to 7 hours); *United States v. Anthem, Inc.*, Case Management Order at 11, 16-cv-1493-ABJ (D.D.C.) (No. 91) (Anthem/Cigna) ("[M]aximum of 275 hours of non-party depositions," with each deposition limited to seven hours of testimony); *United States v. AT&T Inc. et al.*, Case Management Order at 11-12, 17-cv-2511-RJL (D.D.C.) (No. 54) (AT&T/Time Warner) ("[M]aximum of 150 hours of party depositions and 100 hours of non-party depositions," with each deposition limited to 7 hours); *United States v. Deere & Co.*, Case Management Order at 8, 16-cv-8515 (N.D. Ill.) (No. 61) (Deere/Precision Planting) (35 depositions of fact witnesses, plus depositions of any persons added to the final trial witness list, with each deposition limited to 7 hours).

MUNGER, TOLLES & OLSON LLP

June 28, 2019
Page 3

Defendants have suggested that only limited depositions are necessary in this matter because Plaintiff States have had an opportunity to conduct a pre-suit investigation. But Plaintiff States are entitled to the discovery provided under the federal rules to prepare their case, obtain admissible evidence, and prepare the necessary expert analysis for trial. *See, e.g., SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("There is no authority which suggests that it is appropriate to limit the [agency]'s right to take discovery based upon the extent of its previous investigation into the facts underlying its case."). As such, Plaintiff States respectfully request that this Court adopt their proposed language.

### B. Location of Party Depositions

The parties have agreed that, with certain caveats, all depositions in this case must be completed by August 23. This is an aggressive discovery schedule, which will require concessions from both sides in order to meet the discovery deadlines. To facilitate this process—and avoid requiring each parties' legal teams to crisscross the country to depose witnesses within Defendants' control on a schedule that will likely have depositions occurring on sequential days—Plaintiff States have requested that Defendants agree to conduct all party depositions in New York and California, with an option for four depositions to be scheduled elsewhere to accommodate the witnesses.[3]

Defendants initially agreed to work with Plaintiff States on streamlining the schedule and deposition protocols, but after last week's conference with the Court have refused to commit to any definite proposals and instead propose addressing all issues on a case-by-case basis. So that all parties can efficiently plan for and conduct discovery on a highly compressed schedule, Plaintiff States urge the Court to adopt their proposal.

### III. Defendants' Employees' Attendance at Trial

Defendants have not agreed to commit to bring any witness currently employed by a party, or represented by counsel for a party, to trial if requested by Plaintiff States. If Plaintiff States are forced to take steps to protect themselves against the possibility that some of Defendants' employees will be unwilling to appear at trial, it will make the compressed timeframe for discovery in this case unfeasible. Plaintiff States thus request that the Court grant their request.

Very truly yours,

*Glenn V. Pomerantz /have*

Glenn D. Pomerantz

CC: All counsel of record (by e-mail)

---

[3] We understand that the parties agreed with USDOJ to conduct all investigative depositions in Washington, DC. Our proposal, allowing depositions on either coast, should be easier for Defendants to accommodate.