MUNGER, TOLLES & OLSON LLP
350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

July 15, 2019

**BY ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl St.
New York, NY 10007-1312

   Re: *State of New York et al. v. Deutsche Telekom et al.*, No. 1:19-cv-05434-VM

Dear Magistrate Judge Lehrburger:

  I write on behalf of Plaintiff States regarding the parties' Joint Proposed Civil Case Management Plan and Scheduling Order ("Case Management Plan"), ECF No. 73 at pp. 4-9 (June 28, 2019).  Plaintiff States respectfully request a conference to discuss the following issues concerning the Case Management Plan, which were referred to you by Judge Marrero: (1) the effect on the trial date and pre-trial schedule of Defendants' non-compliance with their agreed-upon obligations to timely disclose their agreements with the United States Department of Justice ("USDOJ") and related agreements involving third parties, (2) the total deposition time available to each side and the time available for each deposition, (3) the location of party depositions, and (4) whether Defendants must bring party witnesses to trial. *See* Endorsed Letter from Glenn Pomerantz to Hon. Victor Marrero, ECF No. 74 (June 28, 2019) (directing parties to address these matters with Hon. Robert Lehrburger).

  Defendants seek to merge T-Mobile and Sprint, two of only four national wireless service providers. The proposed merger raises serious antitrust concerns in numerous markets across the United States, including in the national market for wireless services and in several local markets. By eliminating competition between T-Mobile and Sprint and reducing the number of competing national wireless service providers from four to three, the merger threatens to increase prices and decrease quality for millions of consumers across the country.  Plaintiff States seek to enjoin Defendants' merger on the grounds that it violates § 7 of the Clayton Act, 15 U.S.C. § 18, because the effect of this transaction "may be substantially to lessen competition." *Id.*

  On June 28, 2019, Plaintiff States and Defendants submitted the Case Management Plan to the District Court. *See* ECF No. 73 at pp.4-9.  That Case Management Plan included a substantial number of stipulations between the parties, and the parties submitted separate letters to the Court addressing certain discrete areas of dispute.  Judge Marrero referred the following disputed issues to Your Honor for resolution.

**I. Trial Date**

  The most critical subject of stipulation between the parties was the trial date. The Case Management Plan contains the following stipulation and related dispute:

MUNGER, TOLLES & OLSON LLP

July 15, 2019
Page 2

> Trial Date: The parties request a trial date of October 7, 2019, *provided* that (i) by June 28, 2019, Plaintiffs receive all material terms relating to any settlement agreement(s) reached between the Defendants and the USDOJ, including but not limited to all material terms of any related agreements involving third parties; and (ii) by July 12, 2019, Plaintiffs receive all definitive documents that will be used to implement such agreements.
>
> <u>Plaintiffs' Position</u>: In the event these conditions are not met, the schedule set forth in this Case Management Order shall not be operative, and the parties request that this court promptly set a status conference to set a new trial date and modify the schedule accordingly.
>
> <u>Defendants' Position</u>: In the event the conditions above are not met, the parties request that this court promptly set a status conference to consider whether a new trial date is necessary and to modify the schedule accordingly

Case Management Plan § 10, ECF No. 73 at pp.7-8.

In effect, the parties dispute what should happen if Defendants fail to live up to their disclosure commitments that formed the basis for the stipulated trial date: Should the Court set a status conference to set a new trial date or should the Court simply "consider" whether a new trial date is necessary? In their accompanying letter to the Court, Defendants suggested that their approach was superior because it would preserve the October trial date in the event of "minor or technical issues with Defendants' compliance" with the stipulated terms of the Case Management Plan.  Letter from David Gelfand to Hon. Victor Marrero, ECF No. 73 (June 28, 2019).

This dispute is no longer theoretical because, as Plaintiffs informed Judge Marrero by letter today, Defendants have now failed to satisfy their commitments. *See* Exhibit A, attached hereto.  Nor is Defendants' non-compliance "minor or technical," it is near total—they have not provided a single definitive document, let alone "all" of them, and it appears from public reports that Defendants do not have any settlement agreement in place.

Plaintiffs request a status conference to address this issue.  For the reasons identified in Plaintiffs' June 28, 2019, letter to Judge Marrero and the reasons identified below, the Court should adopt Plaintiffs' language. *See* Letter from Glenn Pomerantz to Hon. Victor Marrero, ECF No. 74 (June 28, 2019).  Indeed, at the June 21, 2019, case management conference, Defendants represented to the Court that "the reason why we had that [October 7] schedule, your Honor, is because there's a belief that this DOJ settlement is likely to be imminent and . . . is likely to be along very consistent terms as the deal already reached with the FCC" and Defendants agreed that "if that's not the case, the idea behind the schedule is that we could reconsider what the appropriate trial date is."  Hr'g Tr. 15:10-16:2 (June 21, 2019), attached hereto as Exhibit B (emphasis added).

MUNGER, TOLLES & OLSON LLP

July 15, 2019
Page 3

      Judge Marrero also recognized that Defendants' negotiations with USDOJ would likely affect the schedule in this case. At the June, 21, 2019, case management conference, Judge Marrero noted that "the elephant not in the room is the justice department," and that "[e]ither way" USDOJ's decision "is likely to affect what is on the table and potentially how long it would take to resolve the issues." Hr'g Tr. 9:6-12 (June 21, 2019), attached hereto as Exhibit B.

      Now that Defendants have failed to meet the stipulated deadlines contained in the Case Management Plan, the October trial date and most intervening dates are no longer feasible. The reason is simple: Plaintiff States cannot prepare for trial without knowing the complete terms of the merger Defendants are proposing. Defendants have made clear that they intend to use the terms of any settlement with USDOJ as part of their defense in the lawsuit pending before the District Court here. In other words, rather than defend the merger as proposed, they will defend the merger as modified by potential divestitures, commitments, penalties, and other features of the USDOJ settlement they hope to negotiate in the future.

      Although it is very unlikely that any settlement between Defendants and USDOJ could prevent the anticompetitive injury that the proposed merger will cause, there is no doubt that the settlement would dramatically change the nature of the evidence needed for trial, including critical and time consuming expert analyses. Fact discovery, including discovery from third parties, expert reports, and trial preparation all require an understanding of whether Defendants have or have not agreed to any divestitures or behavioral remedies. Plaintiff States must understand the precise contours of those remedies and any related agreements implementing them in order to address their competitive implications, if any.

      For example, press reports indicate that the Defendants may agree to divest certain business or other assets to some third party in order to secure USDOJ's consent to the other aspects of the proposed merger. Defendants will likely argue that this divestiture reduces or eliminates the anticompetitive effects of the proposed merger, but Plaintiff States cannot possibly take discovery concerning such divestitures until there is an actual agreement in place and the scope, terms, and parties are clearly defined. Similarly, Plaintiff States' economic and technical experts cannot prepare and present a thorough analysis of a transaction that Defendants have not yet committed to, fully negotiated, or disclosed.

      Plaintiff States engaged in discussions yesterday with Defendants regarding the appropriate trial date and pre-trial schedule and continue to confer with Defendants regarding these issues. We hope to hear back from Defendants today and will apprise the Court if the parties can reach agreement on a new schedule, but we wanted to apprise Your Honor of the need for a status conference as soon as possible.[1] If the parties cannot reach agreement, Plaintiff States will be prepared to address this issue further at the status conference.

---

[1] Plaintiff States discussed this issue with Defendants yesterday, but the parties have not yet reached an agreement on a new trial and pre-trial schedule. Defendants requested that Plaintiff

MUNGER, TOLLES & OLSON LLP

July 15, 2019
Page 4

### II.     Other Issues

Defendants' failure to meet the stipulated disclosure commitments in the Case Management Plan also has implications for the other issues that have been referred to Your Honor.  Plaintiff States respectfully suggest that resolution of those issues, such as the number of depositions, would be premature at this time given their relationship to other aspects of the pre-trial schedule that is no longer properly operative.  Plaintiffs States have, however, addressed those issues in prior correspondence, *see* Letter from Glenn Pomerantz to Hon. Victor Marrero, ECF No. 74 (June 28, 2019), and would gladly discuss them further at the status conference at your convenience and request.

Very truly yours,

*/s/ Glenn D. Pomerantz*

Glenn D. Pomerantz

cc: (via ECF): All Counsel of Record

---

States inform the Court that Defendants have asked until the end of the day on Monday, July 15, 2019, to reach an agreement with Plaintiffs States.