# Ex. 1

## Document Requests (excerpt)

**Excerpt - Relevant Pages Only**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.* *Plaintiffs*, v. DEUTSCHE TELEKOM AG, *et al.* *Defendants*. | Case No. 1:19-cv-5434 (VM) ECF Case |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO SPRINT CORPORATION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs New York, California, Colorado, Connecticut, District of Columbia, Hawaii, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Nevada, Virginia and Wisconsin (collectively, "Plaintiffs") hereby propound their First Set of Requests for Production of Documents ("Requests") to Sprint Corporation ("Sprint"). Sprint shall produce copies of the documents and tangible things described below as soon as possible, but not later than 30 days of the date of this request to the New York State Office of the Attorney General, Antitrust Bureau, 28 Liberty Street, 20th Floor, New York, NY 10005.

    b. the general subject matter of the document;

    c. the date of the document;

    d. the author(s) of the document, the addressees of the document, and any other recipients (indicating in separate columns on the log whether the recipients are in the "To," "Cc," or "Bcc" field of the document), and where not apparent, the relationship of the author, addressees, and recipients to each other;

    e. the nature of the privilege (including work product) claimed, and if the privilege is governed by state law, the state's privilege rule invoked;

    f. for documents redacted rather than withheld entirely, the Bates number of the produced version; and

    g. for documents that are part of a document family, whether the document is a parent or child document and an identification of all other documents in the document family.

15. These Requests are continuing, so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure if further documents called for herein are obtained or discovered after You respond to the Requests.

## DOCUMENT REQUESTS

1. All Civil Investigative Demands You received from the USDOJ Relating to the Proposed Transaction and any agreements between You and the USDOJ that narrowed, expanded or altered the terms of these demands.

2. All Requests for Information You received from the FCC Relating to the Proposed Transaction, other than those publicly available in docket 18-197, and any agreements

between You and the FCC that narrowed, expanded, or altered the terms of these requests.

3. Any subpoena or formal request for information You received from any Third Party, excluding Plaintiffs, the DOJ and the FCC.

4. All Documents and Communications that are responsive to any Request for Information or any Civil Investigative Demand that were received or sent by any Defendant after Your receipt of those requests or that were created or modified after Your receipt of those requests and that were not produced to Plaintiffs.

5. Your final privilege logs describing all Documents withheld from the USDOJ or FCC or any other requesting party on the basis of privilege.

6. All Documents, Including Board minutes, and Communications, Including any Communications with the USDOJ, FCC, other Defendants or Third Parties, since April 1, 2017 Concerning any proposed or contemplated asset divestiture, agreement, or transaction, Including the DISH Transaction and FCC Commitments, intended to potentially secure approval for the Proposed Transaction from the USDOJ or FCC or to ensure that the USDOJ, FCC, or any other entity does not challenge the Proposed Transaction.

7. All Communications with the USDOJ and FCC Relating to the Proposed Transaction since January 1, 2019.

8. All Documents and Communications since April 1, 2016 evaluating any potential transaction, asset divestiture or agreement with DISH, Including evaluations of any financial, technical, and/or operational aspects of such transaction and evaluations of the feasibility of such transaction.

11

9. All Documents and Communications since April 1, 2016 Relating to DISH's spectrum holdings, financial performance, potential entry into the mobile wireless telecommunications services market, or Concerning or evaluating DISH as a potential competitor.

10. All Documents, Communications, and analysis Concerning financing for the Proposed Transaction since January 1, 2019.

11. All Communications with any financial institution Concerning the duration of any financing agreements, arrangements, or commitments in connection with the Proposed Transaction, Including any Communications Concerning any potential extension of the duration of such agreements, arrangements, or commitments since January 1, 2018.

12. All analysis, Including but not limited to financial, technical, or any other analysis Concerning the anticipated performance of New T-Mobile, Including its ability to compete with other entities such as AT&T and Verizon and provide 5G service, since June 30, 2017.

13. All Documents and Communications Concerning the proposed implementation of any concessions made or proposed to the FCC, USDOJ and any other private party related to the Proposed Transaction by Defendants or New T-Mobile.

14. All Documents and Communications related to the proposed new call centers in California, New York, or other locations if the Proposed Transaction is consummated.

15. All Documents and Communications Concerning potential use or anticipated deployment of spectrum acquired by You or any other Defendant or Third Party from the FCC 24 GHz Band Auction and the FCC 28 GHz Band Auction.

16. All Documents Concerning Your finances for each quarter ending in Your fiscal year 2018 and 2019.

17. All Documents Concerning financial revenue, cost and performance projections for You and for New T-Mobile for fiscal years 2019 through 2024.

18. All Documents and Communications Concerning customer satisfaction, network performance, and all other internal metrics used to measure performance from April 1, 2018 to the present.

19. All Documents and Communications Concerning Nielsen or Communications between You and Nielsen from January 1, 2016 to the present.

20. All Documents and Communications not previously produced to Plaintiffs that You believe demonstrate that You are not a strong or viable competitor in the mobile wireless telecommunications services market.

21. All Documents and Communications not previously produced to Plaintiffs Concerning any efforts by You to seek additional financing, Including from SoftBank, or engage in potential asset sales, Including sales of Boost Mobile, spectrum, or infrastructure.

22. All Documents and Communications not previously produced to Plaintiffs Concerning the potential of entering into any transaction with Comcast, Charter, Altice, Google Fi, TracFone or any parent or related company and Amazon, Including a sale, merger, acquisition, spectrum or asset sale, spectrum swap, roaming agreement, or an MVNO agreement.

23. All Documents and Communications not previously produced to Plaintiffs Concerning any potential spectrum swaps, spectrum sharing agreements, or roaming agreements other than the Proposed Transaction