# Ex. 2

**Letter of Jeremy R. Kasha to
David Gelfand,
dated July 7, 2019**



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

28 Liberty Street
NEW YORK, NEW YORK 10005

JEREMY R. KASHA
ASSISTANT ATTORNEY GENERAL
Tel: 212-416-8277
Fax: 212-416-6015
Jeremy.Kasha@ag.ny.gov

July 7, 2019

**By Electronic Mail**

David I. Gelfand
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Re:   Follow-up to July 3, 2019 Meet-And-Confer Concerning Plaintiffs'
      Document Requests To Defendants

Dear David,

I write on behalf of Plaintiff States to follow up on our meet-and-confer discussion this past Wednesday, July 3, 2019, and in advance of our planned discussion tomorrow, Monday July 8, 2019.

Although there remain various issues to discuss on our planned call tomorrow, certain issues are already quite clear.  We believe it best to lay them out now, so that we can hopefully come to agreement on Monday, and, if not, the issues will be properly cued up for resolution by the Court as soon as practicable.  Specifically:

- **Communications and Agreements with DISH, the Department of Justice, and the FCC, and Related Documents**.  We understand that Defendants are in the process of negotiating a deal with DISH, and related agreements with the Department of Justice and/or the FCC, that will require Defendants to divest certain assets to DISH and enter into certain arrangements with DISH (the "DISH Deal").  Plaintiffs have served

Page 1 of  4

document requests regarding the DISH Deal, Defendants' commitments to the Department of Justice and/or the FCC, and Defendants' communications with these entities.  *See, e.g.*, Requests Nos. 6, 7, 8 & 13.[1]  As we indicated on the call, Plaintiffs cannot accept Defendants' unilateral attempt to restrict responses concerning the DISH Deal to only "deal documents" and other documents concerning that deal that will be cherry-picked by Defendants.  Our document requests, which seek documents and communications concerning the DISH Deal as well as your communications with the FCC and Department of Justice, are reasonable, particularly given that Defendants have indicated that they will be relying on aspects of the DISH Deal and other recent developments (e.g. your commitments to the FCC) to analyze the competitive effects of their transaction.  On Monday, please be prepared to advise what your clients' positions are regarding documents and communications concerning the DISH deal and communications with the Department of Justice and the FCC. If we cannot reach prompt agreement on this issue, we will present it to the Court for resolution.

- **Document Requests Regarding "Specific Areas" (i.e. CMAs and geographic areas)**.  Plaintiffs have served document requests targeted at competition issues in specific geographic areas, including certain FCC-defined cellular marketing areas ("CMAs") that are identified in our Requests for Production.  On our last call, Defendants suggested that they already produced responsive documents during the course of the investigation.  We have reviewed the history of the investigatory materials and confirmed that it does not include the necessary materials for the simple reason that Defendants' custodians did not include the appropriate people for such localized information.  Please produce organization charts that will be sufficient to allow us to identify the appropriate custodians responsible for sales and marketing for each identified CMA by close of business on Tuesday, July 9, 2019.  We are clearly entitled to this discovery, and we will seek judicial intervention promptly if necessary

- **Defendants' Finances**.  Defendants cannot withhold updated financial documents sought by Requests No. 16 and 44, particularly given that Defendants have asserted that Sprint's financial condition purportedly justifies their merger.  In our discussion on July 3, we were surprised that Defendants challenged this reasonable request by calling into question what the term "finances" means and suggesting that financial information from 2018 would be sufficient.  As Sprint's own responses to these Requests for Production suggest, "finances" should include, at a minimum, "all regularly produced reports regarding the Company's revenues, expenses, profitability, or margins" as well as the "granular revenue and cost data" provided in response to Specifications 2, 23, and 24 of

---

[1] Unless otherwise noted, the Request for Production numbers referenced in this letter are the request numbers corresponding to Plaintiffs' Requests for Production to Sprint. These numbers also correspond to Plaintiffs' Requests for Production to Softbank and Deutsche Telekom.  The corresponding numbers for Plaintiffs' Requests for Production to T-Mobile are generally one higher than the referenced number (for example, Request No. 7 to Sprint corresponds to Request No. 8 to T-Mobile).

the Department of Justice's "Second Request."  We are confident that the Court would not require Plaintiffs to try this case without access to up-to-date financial information.

- **Defendants' Financial Projections and Financial Projections for New T-Mobile**:  For the same reasons, Defendants' refusal to produce updated financial projections (Request for Production No. 17) for their own businesses and for New T-Mobile is untenable.  Please advise whether you will agree to provide updated productions of the requested documents.

- **Documents and Communications that Purportedly Demonstrate That You Are Not A Strong Competitor**:  Defendants have refused to update this production on the grounds that such documents have been previously produced.  But Defendants have placed their viability as independent competitors at issue and Defendants have not committed to restrict themselves to documents previously produced in supporting their case or rebutting Plaintiffs' case. Accordingly, Defendants should produce the requested documents.

- **Documents Regarding Spectrum Acquisition or Deployment**: Plaintiffs requested documents and communications "concerning potential use or anticipated deployment of spectrum acquired by You or any other Defendant or Third Party from the FCC 24 GHz Band Auction and the FCC 28 GHz Band Auction."  *See* Request for Production No. 15.  Defendants refused to produce the requested documents on the basis that prior productions of similar documents were made as part of Defendants' responses to the Department of Justice's "Second Request."  Of course, this response ignores that the FCC has conducted two auctions in 2019—auctions 101 and 102—and therefore it is entirely appropriate for Plaintiffs to seek updated information.  In addition, I note that Defendants themselves have placed spectrum availability at issue.

- **Softbank's Refusal to Produce Any Documents**: As we noted on the July 3 call we were surprised and disappointed that Softbank has refused to produce *any* documents in response to Plaintiffs' Requests for Productions.  With respect to many Requests, Softbank has simply listed objections and has apparently refused to produce any documents.  With respect to other Requests, Softbank has not agreed to produce any documents but has offered to "meet and confer."  We understand from our call that Softbank does not believe it should have to respond to certain document requests because it does not directly operate a wireless communications network in the United States.  Respectfully, Softbank's position is untenable and appears to be designed to unnecessarily drag out the discovery process. For many requests, Softbank will likely have responsive documents.  *See, e.g.*, Request No. 5 (your privilege log produced to the DOJ or the FCC); No. 6 (communications and documents regarding any divestiture or other agreement intended to secure approval of the transaction, including the DISH Deal); No. 10 (documents concerning financing of the proposed transaction); No. 21

Page 3 of  4

(Sprint's attempts to seek financing from Softbank or other entities). For requests for which Softbank has determined it does not have any responsive documents—because it does not operate a domestic wireless communications network or for any other reason—it should simply say so.  Please immediately advise us whether Softbank will promptly update its responses and objections to identify which Requests it will produce responsive documents for and which objections it will continue to stand on.

We look forward to discussing these issues, as well as other outstanding matters, on our call on Monday, and we hope we can reach an amicable agreement without troubling the Court.  Please note that Plaintiffs reserve all rights, including with respect to the viability of the October 7, 2019, trial date, if Defendants do not cooperate in discovery and expeditiously produce the documents requested by Plaintiffs.

Sincerely,

Jeremy R. Kasha
Assistant Attorney General
Antitrust Bureau

*On Behalf of All Plaintiff States*

cc (by email): Counsel for Defendants T-Mobile, Sprint, Softbank, and Deutsche Telekom.