# Ex. 6

**Letter of Jeremy R. Kasha
to David Gelfand,
dated July 18, 2019**



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

28 LIBERTY STREET
NEW YORK, NEW YORK 10005

JEREMY R. KASHA
ASSISTANT ATTORNEY GENERAL
Tel: 212-416-8277
Fax: 212-416-6015
Jeremy.Kasha@ag.ny.gov

July 18, 2019

**By Electronic Mail**

David I. Gelfand
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Re:   Follow-up Concerning Plaintiff States' Requests for Production

Dear David,

      As we discussed briefly on the telephone yesterday, I write to follow up regarding our meet-and-confer discussions. Plaintiff States served Defendants with their Requests for Production on June 24, 2019. In the twenty-four days that have since passed, the parties have spoken several times and exchanged a number of letters. Despite those communications, Plaintiff States lack sufficient clarity as to the scope of the materials that Defendants intend to produce. Given the compressed timeline of this litigation, and the rapidly approaching deadlines for the parties' expert reports and depositions, Plaintiff States do not believe that discovery can continue to proceed in this manner.

      In an effort to move discovery forward, this letter attempts to outline Plaintiff States' Requests for Production and to memorialize the agreements that Plaintiff States understand the parties to have already reached. With respect to these agreed-upon documents and materials, Plaintiff States expect to begin receiving rolling productions immediately. As for the discovery materials about which the parties have not yet reached agreement, this letter asks Defendants to clarify by this Friday, July 19, 2019, whether they intend to produce materials in response to certain of Plaintiff States' Requests for Production and, if so, what the scope of those productions will be. To the extent Defendants' responses indicate that we still have areas of

disagreement, we intend to raise these issues with the Court for resolution at the hearing calendared for August 1, 2019. Though it should go without saying, the scope and promptness of Defendants' productions both before and after the August 1 hearing will affect the parties' ability to comply with the current discovery schedule and the feasibility of an early trial date.

Plaintiff States look forward to Defendants' response on July 19. Please reach out to me directly in the interim if you believe further discussions would help us reach agreement on any of these issues.

**Dish Deal, FCC Concessions and Other Contemplated Divestitures (Request Nos. 6-7, 13)[1]**

Plaintiff States have requested:

- No. 6: All Documents, Including Board minutes, and Communications, Including any Communications with the USDOJ, FCC, other Defendants or Third Parties, since April 1, 2017 Concerning any proposed or contemplated asset divestiture, agreement, or transaction, Including the DISH Transaction and FCC Commitments, intended to potentially secure approval for the Proposed Transaction from the USDOJ or FCC or to ensure that the USDOJ, FCC, or any other entity does not challenge the Proposed Transaction.

- No. 7: All Communications with the USDOJ and FCC Relating to the Proposed Transaction since January 1, 2019.

- No. 13: All Documents and Communications Concerning the proposed implementation of any concessions made or proposed to the FCC, USDOJ and any other private party related to the Proposed Transaction by Defendants or New T-Mobile.

In response:

- On July 10, Sprint and T-Mobile agreed to "produce substantive communications with the FCC, the DOJ, and DISH regarding the potential DISH transaction as well as any briefing materials provided to their respective boards of directors that relate to the DISH transaction and any board minutes pertaining to the DISH transaction." July 10, 2019 Letter from Gelfand to Kasha. Sprint and T-Mobile have also agreed to produce the drafting history of any deal documents. *Id*.

- On July 1, Sprint, T-Mobile and Deutsche Telekom agreed to produce substantive communications with the USDOJ and FCC since January 1, 2019 regarding the Proposed Transaction that pertain to the potential competitive effects of the

---

[1] Unless otherwise stated, all references to a particular request number refer to the Requests for Production served on Sprint.

    Proposed Transaction.

- On July 1, Sprint, Deutsche Telekom and T-Mobile agreed to produce any documents filed with a Court or exchanged with the FCC or DOJ concerning the implementation of any remedies relating to the Proposed Transaction.

- On July 1, T-Mobile agreed to produce its responses to CID 29983 and pertinent transaction documents relating to any deal with DISH.

- On July 1, Sprint agreed to produce its responses to CID 29992 and pertinent transaction documents relating to any deal with DISH.

  Plaintiff States request that Defendants immediately begin their production of these documents to the extent that production has not already commenced, and confer with Plaintiff States regarding Defendants' definition of the term "substantive."

  Plaintiff States further request that Defendants produce all documents produced to the DOJ in response to CID 29983, CID 29984, CID 29991, and CID 29992, and update their productions with respect to all of these requests through the date that the DOJ makes its initial related filing under the Tunney Act. Defendants should also produce *all* "substantive communications" with the DOJ and FCC related to the Proposed Transaction, not just those communications that pertain to the "potential competitive effects" of the Proposed Transaction.

  Finally, Plaintiff States request that each Defendant specify whether it intends to produce any additional documents in response to Request Nos. 6, 7 and 13 and, if so, what the scope of that production will be. In particular, please clarify whether Defendants are refusing to produce communications that do not involve the FCC or DOJ, including non-privileged internal communications and communications among the parties themselves. Please also clarify whether Defendants are refusing to produce materials concerning any proposed or contemplated asset divestiture, agreement, or transaction other than the Proposed Transaction involving DISH.

**DISH-Specific Information (Sprint Request No. 8-9)**

Plaintiff States have requested:

- No. 8: All Documents and Communications since April 1, 2016 evaluating any potential transaction, asset divestiture or agreement with DISH, Including evaluations of any financial, technical, and/or operational aspects of such transaction and evaluations of the feasibility of such transaction.

- No. 9: All Documents and Communications since April 1, 2016 Relating to DISH's spectrum holdings, financial performance, potential entry into the mobile wireless telecommunications services market, or Concerning or evaluating DISH

as a potential competitor.

In response:

- On July 1, Deutsche Telekom agreed to produce any documents filed with a Court or exchanged with the FCC or the USDOJ concerning the implementation of any remedies relating to the Proposed Transaction.

- On July 1, T-Mobile agreed to produce the entirety of its response to CID 29983 and, in the event that a transaction is agreed to with DISH, T-Mobile has agreed to produce the transaction documents and any documents filed with a Court or exchanged with the FCC or USDOJ concerning the implementation of any remedies relating to the Proposed Transaction.

- On July 1, Sprint agreed to produce its response to CID 29992,[2] any transaction documents if an agreement is reached with DISH, and any documents filed with a Court or exchanged with the FCC or USDOJ concerning the implementation of any remedies relating to the Proposed Transaction with respect to DISH.

- Defendants have asserted that aspects of these requests are duplicative of specifications 30, 31, 34, 35 and 36(c) of the DOJ's Request for Additional Information and Documentary Material (the "Second Request").

Defendants should immediately begin their production of the documents that they have agreed to produce to the extent that production has not already commenced.

Plaintiff States request that Defendants produce all documents produced to the DOJ in response to CID 29983, CID 29984, CID 29991, and CID 29992 and update all of these requests through the date that the DOJ makes its initial related filing under the Tunney Act. Plaintiff States further request that, at a minimum, Defendants update their productions of documents that are responsive to both specifications 30, 31, 34, 35 and 36(c) of the Second Request and Sprint Request Nos. 8-9 through June 30, 2019.

Finally, Plaintiff States request that each Defendant specify whether it intends to produce any additional documents in response to Request Nos. 8 and 9 and, if so, what the scope of that production will be. In particular, please clarify whether Defendants are refusing to produce communications that do not involve the FCC or DOJ, including internal communications and communications amongst the parties themselves.

---

[2] Plaintiff States believe that Sprint may have intended to reference CID 29984, rather than CID 29992.

**Defendants' Spectrum Holdings (Request No. 15)**

Plaintiff States have requested:

- No. 15: All Documents and Communications Concerning potential use or anticipated deployment of spectrum acquired by You or any other Defendant or Third Party from the FCC 24 GHz Band Auction and the FCC 28 GHz Band Auction.

In response:

- On July 10, T-Mobile agreed to produce documents responsive to this request from the files of Neville Ray and Ankur Kapoor through June 30, 2019, pursuant to certain search terms. *See* July 10, 2019 Letter from Gelfand to Kasha.

- Sprint and Deutsche Telekom have refused to produce any documents in response to this request and have suggested that it is duplicative of specifications 36(c) and 53(b) of the Second Request. Those specifications address Defendants' interest in or desire for spectrum and any decisions regarding a Defendant's participation in spectrum auctions, but do not discuss the "anticipated deployment" of spectrum.

T-Mobile should immediately begin its production of the documents that it has agreed to produce to the extent that production has not already commenced. Plaintiff States request that the files of Paul Bongaarts, Mark McDiarmid, David Mayo, Abdul Saad, and Marie Grace Jacinto also be searched for documents responsive to this request. Plaintiff States will correspond separately with T-Mobile regarding expanding the search terms that should be used for all of these custodians.

Plaintiff States further request that Sprint, Deutsche Telekom, and SoftBank update their productions of documents that are responsive to both specifications 36(c) and 53(b) of the Second Request and Request No. 15 through June 30, 2019.

Finally, Plaintiff States request that each Defendant specify whether it intends to produce any additional documents in response to Request No. 15 and, if so, what the scope of that production will be.

**Documents Regarding Defendants' Finances (Request Nos. 16-17, 44)**

Plaintiff States have requested:

- No. 16: All Documents Concerning Your finances for each quarter ending in Your fiscal year 2018 and 2019.

- No. 17: All Documents Concerning financial revenue, cost and performance

>  projections for You and for New T-Mobile for fiscal years 2019 through 2024.
>
> - No. 44: To the extent not previously produced, for the five-year period ending in 2018: (a) Documents and analyses related to Your margins and geographic variation in these margins; (b) Data on revenues, costs (variable, fixed, acquisition costs etc.), subscribers (indicating brand), and margins by zip code or, if zip code if not available, by county; and (c) All Documents and data related to inputs and outputs of Your CLV calculations (e.g., discount rate, variable costs, subscriber acquisition costs, prices) related to all subscribers and by types of subscribers.

In response:

- Deutsche Telekom has stated that Request Nos. 16-17 are duplicative of specifications 9(a), 47 and 49.

- On July 10, T-Mobile agreed to produce regularly-prepared financial statements dated after June 25, 2018 through June 30, 2019.  *See* July 10, 2019 Letter from Gelfand to Kasha.

- On July 10, Sprint agreed to produce regularly-prepared financial statements dated after June 25, 2018 through June 30, 2019; board of director presentations describing Sprint's financial performance from June 25, 2018 through June 30, 2019; and documents responsive to Requests 16, 17 and 44 from the files of Michel Combes and Andrew Davies.  *See* July 10, 2019 Letter from Gelfand to Kasha.

Defendants should immediately begin their production of the documents that they have agreed to produce to the extent that production has not already commenced.

Plaintiff States do not request any additional documents regarding T-Mobile's finances in response to Request Nos. 16-17 beyond the documents identified above that T-Mobile has agreed to produce, so long as Defendants will represent that they will not rely on any T-Mobile financial documents that post-date June 30, 2019.

Plaintiff States specify that Sprint Request Nos. 16 and 17 include, but are not limited to: (i) all documents concerning financial projections prepared by Sprint, including any documents used to support the assumptions used in these projections; (ii) all pro forma income statements, balance sheets, sources & uses of funds statements, and capital expenditure statements, including consolidated statements as well as statements for individual business divisions and geographic regions; and (iii) Sprint's annual and quarterly consolidating financial statements, including statements broken down by business unit.  Plaintiff States request that Sprint state whether it intends to produce these documents through June 30, 2019.

Plaintiff States request that the files of Dow Draper, Marcelo Claure, and Masayoshi Son

...

be searched for documents responsive to Request Nos. 16-17 and documents concerning the financial information requested in Request No. 44 in addition to the files of Michel Combes and Andrew Davies.  Plaintiff States will correspond separately with Defendants regarding expanding the search terms that should be used for all of these custodians.  Plaintiff States will also be serving supplemental requests regarding Sprint's finances shortly.

Deutsche Telekom and SoftBank should, at a minimum, update their productions of documents responsive to both specifications 9(a), 47 and 49 of the Second Request and Request Nos. 16-17 through June 30, 2019.  Plaintiff States further request that Deutsche Telekom and SoftBank specify whether they intend to produce any additional documents responsive to Request Nos. 16-17 and, if so, what the scope of that production will be.  Finally, Plaintiff States ask Defendants to confirm that they will not rely on any documents concerning Sprint's financial condition that post-date June 30, 2019.

**Documents Concerning the Projected Performance of New T-Mobile (Request No. 17)**

Plaintiff States have requested:

- No. 17: All Documents Concerning financial revenue, cost and performance projections for You and for New T-Mobile for fiscal years 2019 through 2024.

In response:

- Deutsche Telekom has stated that this request is duplicative of specifications 47 and 49 of the Second Request.

- On July 10, T-Mobile agreed to produce documents responsive to this request to the extent it calls for documents regarding New T-Mobile from the files of Mike Sievert from June 25, 2018 through June 30, 2019.  *See* July 10, 2019 Letter from Gelfand to Kasha.

- Sprint has refused to produce any documents in response to this request to the extent it calls for documents regarding New T-Mobile because it "will not be responsible for the operations or finances of the New T-Mobile." *See* July 10, 2019 Letter from Gelfand to Kasha.

T-Mobile should immediately begin its production of the documents that it has agreed to produce to the extent that production has not already commenced.  Plaintiff States will correspond separately with T-Mobile regarding the search terms that should be used to search Mr. Sievert's files.

Plaintiff States request that, at a minimum, all other Defendants update their productions of documents that are responsive to both specifications 37(d), 47 and 49 of the Second Request

and Request No. 17 through June 30, 2019.  Plaintiff States further request that Deutsche Telekom, SoftBank, and Sprint specify whether they intend to produce any additional documents in response to Request No. 17 and, if so, what the scope of that production will be.  Finally, Plaintiff States ask Defendants to confirm that they will not rely on any documents concerning the projected performance of New T-Mobile that post-date June 30, 2019.

**Documents Showing That Sprint Is Not a Strong Competitor (Request No. 20)**

Plaintiff States have requested:

- All Documents and Communications not previously produced to Plaintiffs that You believe demonstrate that You are not a strong or viable competitor in the mobile wireless telecommunications services market.

In response:

- On July 1, Deutsche Telekom stated that this request is duplicative of specification 30 of the Second Request, but noted that it has produced or will produce any documents responsive to this request.

- On July 10, T-Mobile agreed to produce documents responsive to this request from the files of John Legere and Mike Sievert from June 25, 2018 through June 30, 2019.

- On July 10, Sprint agreed to produce documents responsive to this request from the files of Michel Combes and Andrew Davies from June 25, 2018 through June 30, 2019.

Defendants should immediately begin their production of the documents that they have agreed to produce to the extent that production has not already commenced.

Plaintiff States request that the files of Marcelo Claure, Mark Roettgering, Daniel Thygesen, Dow Draper, Roger Sole, Steve Gaffney, and Angela Rittgers also be searched for documents responsive to Request No. 20.  Plaintiff States will correspond separately with Defendants regarding the search terms that should be used for all of these custodians.

Plaintiff States request that each Defendant specify whether it intends to produce any additional documents in response to Request No. 20 and, if so, what the scope of that production will be.  Additionally, Plaintiff States ask Defendants to confirm that they will not rely on any documents that post-date June 30, 2019 for the purpose of establishing that Sprint is not a strong competitor.

**Local CMAs (Request Nos. 24-26):**

Plaintiff States have requested:

- No. 24: All Documents and Communications since January 1, 2016 related to marketing, strategy or competition for retail wireless business in any Specific Area.

- No. 25: All Documents and Communications since January 1, 2016 that relate to technical capability, network investments, and planning in any Specific Areas.

- No. 26: Documents and Communications since January 1, 2016 discussing network quality, network coverage, or network capacity of Sprint, T-Mobile, AT&T, Verizon and any other potential competitors in any Specific Areas

Plaintiff States, in an effort to compromise, have since narrowed the number of CMAs encompassed by these requests and the number of custodians whose files should be searched for documents responsive to these requests. *See* July 12, 2019 Letter from Kasha to Gelfand. Plaintiff States request that each Defendant identify the documents and communications that it agrees to produce in response to Request Nos. 24-26.

**Document and Data Requests Discussed in Plaintiff States' July 12, 2019 Letter (Request Nos. 27-44)[3]**

On July 12, 2019, Plaintiff States proposed that Defendants update data responsive to Request Nos. 27-44 through the end of December 2018. *See* July 12, 2019 Letter from Kasha to Gelfand. Plaintiff States request a response to this proposal. With respect to documents associated with these requests, Plaintiff States ask that each Defendant identify what it intends to produce in response to Request Nos. 27-44.

**Update of Prior Productions to the DOJ (Request No. 4)**

Plaintiff States have requested:

- No. 4: All Documents and Communications that are responsive to any Request for Information or any Civil Investigative Demand that were received or sent by any Defendant after Your receipt of those requests or that were created or modified after Your receipt of those requests and that were not produced to Plaintiffs.

In response:
- On July 1, Sprint, T-Mobile and Deutsche Telekom agreed to produce all

---

[3] On July 1, T-Mobile agreed to produce an agreement with C-Spire dated April 5, 2019.

materials produced to the requesting party in response to any Civil Investigative Demand or Request for Information issued in connection with an investigation relating to the potential competitive effects of the Proposed Transaction.

In addition to any specifications that Plaintiff States have addressed elsewhere in this letter, Plaintiff States request that Defendants update the following CIDs and specifications through the following dates:

- CID 29992 (SPR-LIT-460) and CID 29991 (TMUS-LIT-118) through the date the DOJ makes its initial related filing under the Tunney Act;

- CID 29800 (TMUS-LIT-42) and any corresponding CID served on Sprint or SoftBank through June 30, 2019;

- Specifications 1(a), 1(b), 1(d), 1(e), 1(f), 5, 6, 7 of CID 29943 (SPR-LIT-387) and CID 29422 (TMUS-LIT-4) through June 30, 2019;

- CID 29984 (SPR-LIT-442) and CID 29983 (TMUS-LIT-83) through the date the DOJ makes its initial related filing under the Tunney Act; and

- Specifications 4, 9, 10, 14, 17-18, 20-21, 25-26, 30-31, 36(c), 37-40, 46(d), 47, and 52 of the Second Request through June 30, 2019.

Plaintiff States have separately identified the custodians whose files should be searched to update these CIDs and specifications.  *See* July 12, 2019 Letter from Kasha to Gelfand.  With respect to those custodians whose files were not previously searched for purposes of the Second Request, Plaintiff States request that these custodians produce documents responsive to the above specifications from January 1, 2016 through June 30, 2019.

Plaintiff States request that each Defendant specify whether it intends to produce documents in response to this request and, if so, to clarify what the scope of that production will be.

**Requests That Defendants Claim Are Duplicative (Request Nos. 10-12, 18-19, 21-23)**

Plaintiff States have requested:

- No. 10: All Documents, Communications, and analysis Concerning financing for the Proposed Transaction since January 1, 2019.

- No. 11: All Communications with any financial institution Concerning the duration of any financing agreements, arrangements, or commitments in connection with the Proposed Transaction, Including any Communications

> Concerning any potential extension of the duration of such agreements, arrangements, or commitments since January 1, 2018.

- No. 12: All analysis, Including but not limited to financial, technical, or any other analysis Concerning the anticipated performance of New T-Mobile, Including its ability to compete with other entities such as AT&T and Verizon and provide 5G service, since June 30, 2017.

- No. 18: All Documents and Communications Concerning customer satisfaction, network performance, and all other internal metrics used to measure performance from April 1, 2018 to the present.

- No. 19: All Documents and Communications Concerning Nielsen or Communications between You and Nielsen from January 1, 2016 to the present.

- No. 21: All Documents and Communications not previously produced to Plaintiffs Concerning any efforts by Sprint to seek additional financing, Including from SoftBank, or engage in potential asset sales, Including sales of Boost Mobile, spectrum, or infrastructure.

- No. 22: All Documents and Communications not previously produced to Plaintiffs Concerning the potential of entering into any transaction with Comcast, Charter, Altice, Google Fi, TracFone or any parent or related company and Amazon, Including a sale, merger, acquisition, spectrum or asset sale, spectrum swap, roaming agreement, or an MVNO agreement.

- No. 23: All Documents and Communications not previously produced to Plaintiffs Concerning any potential spectrum swaps, spectrum sharing agreements, or roaming agreements other than the Proposed Transaction.

In response:

- Deutsche Telekom, Sprint and/or T-Mobile have stated that these requests are duplicative of specifications 9(b), 20, 30, 31, 35, 36(c), 37, 39, 42, 45, 47, 49, 50, and 52 of the Second Request.

Plaintiff States request that Defendants update their productions of documents that are responsive to both Request Nos. 10-12, 18-19, 22 and the specifications that Defendants have identified in their responses to these Requests through June 30, 2019.

Plaintiff States further request that each Defendant specify whether it intends to produce any additional documents in response to Request Nos. 10-12, 18-19, 22-23 and, if so, what the scope of that production will be.

**Requests For Which Defendants Have Otherwise Refused to Produce Documents**

Plaintiff States have requested:

- Sprint No. 14: All Documents and Communications related to the proposed new call centers in California, New York, or other locations if the Proposed Transaction is consummated.

- Deutsche Telekom No. 39: All Documents and Communications Concerning any proposed European wireless telecommunications merger in Europe, regardless of the merging entities, during the last ten years.

- T-Mobile No. 6: All Documents responsive to the subpoena served by the State of New York on T-Mobile, dated January 2, 2019, that were received or sent by any Defendant or that were created or modified, after the date of compliance with the subpoena.

In response:

- Defendants have refused to agree to produce any information related to these requests.

Plaintiff States request that each Defendant specify whether it intends to produce any documents in response to these Requests and, if so, what the scope of that production will be.

\* \* \*

I hope this letter provides a useful inventory of what Plaintiff States understand the current agreements and outstanding discovery disputes to be. I look forward to your prompt response.

Sincerely,

Jeremy R. Kasha
Assistant Attorney General
Antitrust Bureau

*On Behalf of All Plaintiff States*

cc (by email): Counsel for Defendants T-Mobile, Sprint, Softbank, and Deutsche Telekom.