# Ex. 7

## Letter of David Gelfand
## to Jeremy R. Kasha,
## dated July 19, 2019

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
KATHERINE MOONEY CARROLL
ELAINE EWING
NOWELL D. BAMBERGER
KENNETH S. REINKER
ALEXIS COLLINS
RESIDENT PARTNERS
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
LINDA J. SOLDO
SENIOR COUNSEL
W. RICHARD BIDSTRUP
STEVEN J. KAISER
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
MACEY LEVINGTON
CARL LAWRENCE MALM
CHARLES STERLING
RESIDENT COUNSEL
JOHN P. MCGILL, JR.
MATTHEW I. BACHRACK
LARRY WORK-DEMBOWSKI
CARL F. EMIGHOLZ
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
SENIOR ATTORNEYS

GRAHAM BANNON
HANI BASHOUR
TAYLOR H. BATES
ZACHARY BAUM
ELSBETH BENNETT
GRANT A. BERMANN
LINDEN BERNHARDT
MARIETTA CATSAMBAS
SAMUEL H. CHANG
CHINYE I. CHUKWUOGO
LAURA K. CONLEY
EVERETT K. CORAOR
LISA M. DANZIG
KATHERINE DENBY*
OLIVIA ESPY HUNTINGTON
BRANDON J. FIGG
MEREDITH LEIGH FINN
CHRISTOPHER M. FITZPATRICK
RACHEL FRANK
ALAN B. FREEDMAN
ALEXANDER GEORGE GALICKI
CAROLINE R. GEIST-BENITEZ
CATHERINE MARIA GENDALL
V. NOAH GIMBEL
MELISSA GOHLKE
REBECCA F. GREEN
DAVID GROTHOUSE
ANNE TITUS HILBY
CHRISTOPHER J. HILDEBRAND
JESSICA HOLLIS
STEPHEN J. HOUCK*
RICHARD HUBER
JAMES HUNSBERGER
PHILLIP L. HURST
SAMEER JAYWANT
BRENDAN JORDAN
BRIAN KESTEN
PATRICK D. KIBBE
ANDREW L. KLINE
JOHN F. KOZAK
TOBIAS A. KRAFT
NATHANAEL F. KURCAB
ALEXIS R.B. LAZDA
WHITNEY A. LEE
JOHN A. LICHTBOURNE
NICOLE S. LIM
NORA MCCLOSKEY*
ADAM MOTIWALA
DREW A. NAVIKAS
JOSHUA NIMMO

MUYIWA ODENIYIDE
JENNIFER E. PAUL
ROBIN RABINOWITZ
MARTINA RADNEY
RICK REDMOND
W. BENJAMIN REESE
MARK ROHAN
MICHAEL G. SANDERS
MAX SCHECHTER
MICHAEL SCHULMAN
WILLIAM SEGAL
OMAR SERAGELDIN
GARRETT D. SHINN
CAROLINE STANTON
SARAH M. STANTON
C. NICHOLAS STEER
NICOLE TATZ
TARA LYNN TAVERNIA
ZACH TSCHIDA
TAMARA WIESEBRON
CHRISTOPHER A. WETZEL
JIM WINTERING
HUANBING IZZY XU
JEANNE-PALOMA ZELMATI
ASSOCIATES

* Admitted only to a bar other
than that of the District of
Columbia. Working under the
supervision of principals of
the Washington office.

** Special Legal Consultant,
qualified in the People's
Republic of China.

D: +1 202 974 1690
dgelfand@cgsh.com

July 19, 2019

VIA EMAIL

Jeremy Kasha, Esq.
Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

Re:   Your Letter of July 18, 2019

Dear Jeremy:

This letter responds to your letter of July 18.

At the outset, your characterization of the meet and confer process leaves out several very important details.  The Requests for Production that Plaintiffs served on Defendants on June 24, 2019 were unreasonably overbroad.  The T-Mobile requests included 45 individual requests, including requests that T-Mobile produce, "to the date of trial," any and all documents that would be responsive to any of the myriad Civil Investigative Demands and Requests for Information (including the massive DOJ Second Request) that were "created or modified" since the particular demand was received—in effect, a bringing to current all of the productions that Defendants had made during the long course of the investigation.  Similar requests were made of the other Defendants.

As you know, Plaintiffs already possess more than three and a half years' worth of documents and data on the topics covered by the Second Request as well as documents

responsive to the many CIDs and subpoenas issued in the course of the investigations into this transaction.  In our first meet and confer on June 28, we told you that responding to such broad requests would be a massive undertaking well beyond what the Federal Rules of Civil Procedure require.  We asked if you would identify particular topics of interest to supplement the documents already in your possession so that we could agree on a reasonable scope for additional productions, and you agreed.  On July 1, we served responses to Plaintiffs' Requests for Production, in which we noted that the documents that Plaintiffs' requested covered the same areas as prior requests and productions, setting forth with particularity which specifications of which requests were implicated.  Defendants also committed in those responses to produce certain additional materials.  Production of such materials had already begun on June 27, and has continued since then on a rolling basis, supplementing the 1.8 million documents produced by Defendants during Plaintiffs' 15-month investigation of the merger.

In our further meet and confer discussions, you identified a few topics of interest and then on July 7 sent a letter that more systematically identified topics of interest.  During our meet and confer with you on July 9, we described our tentative plan for responding to your topics of interest.  On July 10, we sent you a letter setting forth in detail, including identifying specific custodians and search terms, how Defendants would address each of the areas that you had identified in your letter the day before.  That letter incorporated feedback from you during the July 9 meet and confer, including adding custodians.

We take your letter of July 18 as a response to our letter of July 10.  In the meantime, however, you sent a letter on July 12 that listed dozens of custodians from whom you asserted Plaintiffs wanted documents, but did not indicate the scope of what Plaintiffs wanted from those custodians.  You wrote, "we appreciate that you are likely to take these requests under advisement while we continue to work out the scope of the refresh, which is not addressed in this letter" but that "we are preparing separate letters concerning the refresh scope." Confusingly, on July 16 you sent us another letter, in which, notwithstanding your previous commitment to provide a scope proposal, you stated that "we are still waiting for your confirmation concerning the custodians and local markets identified in my letter, dated July 12, 2019."  In your July 18 letter, you have clarified that as to these dozens of custodians, you are still seeking a complete Second Request-level production, which is completely unreasonable for the reasons we have repeatedly identified and reiterate below.

Furthermore, just as we believed we were making progress on narrowing the areas of dispute, your July 18 letter actually expanded Plaintiffs' demands beyond the scope of the specified Requests for Production under discussion.  On top of that, late on July 18, Plaintiffs served a Second Set of Requests for Production on Sprint that are highly duplicative of existing requests that Sprint has been negotiating with Plaintiffs for several weeks now.  Plaintiffs' rapid-fire correspondence and goalpost-shifting approach to discovery is hampering Defendants' progress in reviewing and producing the documents that Plaintiffs claim they so desperately need.

In short, Defendants have promptly responded to Plaintiffs' Requests for Production and all follow up requests.  In those responses and in our subsequent correspondence, Defendants have been extremely clear and precise as to what materials Defendants have already produced and were willing to produce based on the proportionate needs of the case.  Your

statement that "Plaintiff States lack sufficient clarity as to the scope of the materials that Defendants intend to produce" is therefore puzzling.

In any event, in an effort to bring these issues to final closure, the remainder of this letter addresses the specific sub-topics in your July 18 letter.

## "Dish Deal, FCC Concessions and Other Contemplated Divestitures"

You have requested that "Defendants immediately begin their production" of the materials in this area.  In fact, Defendants have already produced responsive materials.  T-Mobile's first production in response to DOJ CID 29983 (regarding divestiture and remedy proposals) was provided to Plaintiffs on May 23, 2019, and its second and final production was provided to Plaintiffs on July 3, 2019.  T-Mobile's response to CID 29991 (regarding FCC commitments) was provided to Plaintiffs on June 7, 2019.  Sprint has not produced any documents to the DOJ in response to CID 29984 (regarding divestiture and remedy proposals), and its Responses and Objections to that CID were included in Sprint's June 26, 2018 production.  Sprint produced to Plaintiffs all documents produced to the DOJ in response to CID 29992 (regarding FCC commitments) on Friday July 12, 2019.  The parties provided a summary of draft deal terms and supporting materials on June 28 and July 2.  Defendants are continuing to work to make the remainder of the documents that they identified in my letter of July 10 available for production and will do so in accordance with the Case Management Order.

Beyond this, and except as noted below regarding "Dish-Specific Information," T-Mobile does not intend to produce other materials in this category beyond those identified in my letter of July 10.  Internal consideration of remedy proposals is, as you know and as we have discussed, largely privileged.  That said, we would be happy to discuss the scope of "substantive communication" with you, although as we have discussed multiple times, we do not intend to produce scheduling communications or other communications not related to the merits of the investigation.

Sprint would be willing to undertake the production of documents from the Sprint files of Marcelo Claure identified using the search terms set forth in our letter of July 10 that are responsive to Request 6 to SoftBank.  Because Mr. Claure was a custodian for Sprint's response to the Second Request, the time period for the production of his documents will be June 25, 2018 (the cutoff date for his documents produced in response to the Second Request) to June 30, 2019.  SoftBank, likewise, agreed in Defendants' letter of July 10 to produce documents from the SoftBank files of Mr. Claure identified using the search terms set forth in that letter that are responsive to Request 6 to SoftBank.  This offer is contingent on Plaintiffs' agreeing that they will not seek additional materials relating to this topic from Sprint or SoftBank; otherwise Sprint and SoftBank will stand on their objections and my letter of July 10.

## "Dish-Specific Information"

We understand this request to be related to evaluations of DISH as a competitor with divestiture assets outside the realm of implementing the potential DISH transaction.  Otherwise, we do not see how it would be meaningfully different from the requests addressed in the previous paragraph.

Given the scope of the materials already produced and that Defendants have agreed to produce relating to DISH, no further production is required by the Federal Rules of Civil Procedure because such an undertaking would be unduly burdensome and produce duplicative and cumulative information that is not needed for this case and any such undertaking would be disproportionate to the needs of the case.

That said, to close this issue out, T-Mobile would be willing to produce documents responsive to Request 10 from the files of John Legere and Mike Sievert, identifying potentially responsive documents since May 1, 2019 using the search term "Dish."  This offer is contingent on Plaintiffs' agreeing that they will not seek additional materials relating to this topic from T-Mobile or Deutsche Telekom; otherwise T-Mobile and Deutsche Telekom will stand on their objections and my letter of July 10.

Similarly, Sprint and SoftBank would be willing to produce documents responsive to Request 9 from the Sprint and SoftBank files of Marcelo Claure since May 1, 2019, identifying potentially responsive documents using the search term "Dish."  Sprint and SoftBank will include the term "Dish" in both English and Japanese.  This offer is contingent on Plaintiffs' agreeing that they will not seek additional materials relating to this topic from Sprint or SoftBank; otherwise Sprint and SoftBank will stand on their objections and my letter of July 10.

## "Defendants' Spectrum Holdings"

T-Mobile has already committed to provide additional documents responsive to this request beyond those previously produced and will do so in accordance with the Case Management Order.  A search of files of the additional custodians you identify is not required by the Federal Rules of Civil Procedure because such an undertaking would be unduly burdensome and produce duplicative and cumulative information that is not needed for this case and any such undertaking would be disproportionate to the needs of the case.

That said, to close this issue out, T-Mobile would be willing to undertake the production of documents from the files of Paul Bongaarts, Mark McDiarmid, David Mayo, Abdul Saad, and Marie Grace Jacinto identified using the search terms set forth in our letter of July 10 that are responsive to Request 16 to T-Mobile.  This offer is contingent on Plaintiffs' agreeing that they will not seek additional materials relating to this topic from T-Mobile or Deutsche Telekom; otherwise T-Mobile and Deutsche Telekom will stand on their objections and my letter of July 10.

Please also note that Specifications 36(c) and 53(b) of the DOJ's Second Request are broader than your Request 16 to T-Mobile.  T-Mobile cited those specifications in part to demonstrate that documents responsive to Request 16 already were produced.  T-Mobile will not additionally re-fresh its response to those specifications since it is already agreeing to produce documents covering the full scope of Request 16.

As stated in Sprint's Responses and Objections to Plaintiffs' RFPs and in Defendants' July 10 Letter, Sprint will not produce any additional documents in response to Request No. 15.  Because Sprint did not win or acquire any spectrum from the FCC 24 GHz

Band Auction or the FCC 28 GHz auction (*i.e.*, Auctions 101 and 102), Sprint has no documents "concerning potential use or anticipated deployment of spectrum acquired by [Sprint] from the FCC 24 GHz Band Auction and the FCC 28 GHz Band Auction."

SoftBank stands on its objections raised in SoftBank's Responses and Objections to Plaintiffs' RFPs and in Defendants' July 10 Letter that SoftBank should not be made to search for, review, and produce documents in response to requests seeking detailed information about the operation of Sprint's network and business, including Plaintiffs' request regarding spectrum holdings.

**"Documents Regarding Defendants' Finances"**

T-Mobile will produce the documents it said it would produce in my letter of July 10 and will do so in accordance with the Case Management Order.

Sprint will also produce the documents it said it would produce in Defendants' letter of July 10 and will do so in accordance with the Case Management Order. In order to close out this issue, Sprint would be willing to undertake the production of documents from the Sprint files of Marcelo Claure and Dow Draper identified using the search terms set forth in our letter of July 10 that are responsive to Request 16-17 and 44 to Sprint. Because Mr. Claure and Mr. Draper were custodians for Sprint's response to the Second Request, the time period for the production of their documents will be June 25, 2018 (the cutoff date for their documents produced in response to the Second Request) to June 30, 2019.

With respect to Plaintiffs' Second Set of Requests for Documents to Defendant Sprint Corporation that were served last night, Sprint and Plaintiffs are scheduled to meet and confer at 1:30 PM on Monday, June 22, 2019.

As to Deutsche Telekom and Softbank, we see no relevance in these requests and accordingly both will stand on their objections as to these requests. Deutsche Telekom further notes that, like T-Mobile and Sprint, it is a publicly-traded company and makes regular and detailed disclosures relating to its finances that are available to Plaintiffs on the Internet.

**"Documents Regarding the Projected Performance of New T-Mobile"**

T-Mobile will produce the documents it said it would produce in my letter of July 10 and will do so in accordance with the Case Management Order.

In addition, Deutsche Telekom will produce documents from the files of Thorsten Langheim and Timotheus Hottges identified using the corresponding search terms set forth in my letter of July 10.

Sprint and SoftBank stand on their prior responses and do not intend to produce documents on this topic.

**"Documents Showing that Sprint is not a Strong Competitor"**

Defendants will produce the documents they said they would produce in my letter of July 10 and will do so in accordance with the Case Management Order.

A search of files of the additional custodians you identify is not required by the Federal Rules of Civil Procedure because such an undertaking would be unduly burdensome and produce duplicative and cumulative information that is not needed for this case and any such undertaking would be disproportionate to the needs of the case.

That said, to close out this issue, T-Mobile would be willing to undertake the production of documents from the files of Mark Roettgering and Daniel Thygesen on the search terms identified in our letter of July 10 that are responsive to Request 21 to T-Mobile.  Because Mr. Roettgering and Mr. Thygesen were custodians for T-Mobile's response to the Second Request, the time period for the production of their documents will be June 25, 2018 (the cutoff date for their documents produced in response to the Second Request) to June 30, 2019.  Note, for purposes of closure, this offer is contingent on Plaintiff States' agreeing that they will not seek additional materials relating to this topic; otherwise T-Mobile will stand on its objections and its letter of July 10.

Sprint would be willing to undertake the production of documents from the files of Marcelo Claure, Dow Draper, Angela Rittgers, and Steve Gaffney on the search terms identified in Defendants' letter of July 10 that are response to Request 20 to Sprint.  Because Mr. Claure, Mr. Draper, Ms. Rittgers, and Mr. Gaffney were custodians for Sprint's response to the Second Request, the time period for the production of their documents will be June 25, 2018 (the cutoff date for their documents produced in response to the Second Request) to June 30, 2019.  Note, for purposes of closure, this offer is contingent on Plaintiff States' agreeing that they will not seek additional materials relating to this topic; otherwise Sprint will stand on its objections and its letter of July 10.

SoftBank stands on its objections raised in SoftBank's Responses and Objections to Plaintiffs' RFPs and in Defendants' July 10 Letter that SoftBank should not be made to search for, review, and produce documents in response to requests seeking detailed information about the operation of Sprint's network and business, including Plaintiffs' request regarding the performance of Sprint as a competitor.

**"Local CMAs"**

In my letter of July 10, Defendants set forth their plans for providing documents in response to Request 25 to T-Mobile and Request 24 to Sprint.  Defendants will do this in accordance with the Case Management Order.

Plaintiffs now point additionally to Requests 26 and 27 to T-Mobile (25 and 26 to Sprint).  Defendants appreciate that Plaintiffs have narrowed the CMAs covered by these requests.

Defendants are willing to significantly expand the scope of our response as follows.  First, Defendants will broaden the search to include search terms covering the concepts

covered by Requests 26 and 27 to T-Mobile.  T-Mobile will add the following terms to its existing search covering Request 25:  "spectrum or coverage or capacity or site or sector or utilization or expansion or build or congested or excess."   Second, Defendants will review documents hitting on those search terms for responsiveness to all three of these Requests.  Third, T-Mobile will add John Legere and Mike Sievert as custodians for all three Requests.

Sprint will review documents hitting on the search terms identified in Defendants' letter of July 10 that are response to Request 24 to Sprint for responsiveness to all three of these Requests.

SoftBank stands on its objections raised in SoftBank's Responses and Objections to Plaintiffs' RFPs and in Defendants' July 10 Letter that SoftBank should not be made to search for, review, and produce documents in response to requests seeking detailed information about the operation of Sprint's network and business, including Plaintiffs' requests regarding CMAs.

**"Documents and Data Requests Discussed in Plaintiff States' July 12, 2019 Letter"**

T-Mobile and Sprint are in the process of investigating whether what you propose is feasible and, to close the issue of data out, are generally inclined to accept the proposal if it is feasible and to the extent the data requested in Plaintiffs' July 12 letter is responsive to Request Nos. 28-45 (for T-Mobile) and Nos. 27-44 (for Sprint).  We expect to have more to report on that shortly.

SoftBank stands on its objections raised in SoftBank's Responses and Objections to Plaintiffs' RFPs and in Defendants' July 10 Letter that SoftBank should not be made to search for, review, and produce documents in response to requests seeking detailed information about the operation of Sprint's network and business, including Plaintiffs' Requests No. 27-38 to SoftBank.

**"Update of Prior Productions to the DOJ"**

Other than as set forth above, Defendants reiterate the position they have stated from our first meet and confer:  Defendants are not willing to undertake the proposed updates of numerous CIDs and Second Request specifications.  Doing so would be unduly burdensome, produce duplicative and cumulative information, and would be disproportionate to the needs of the case.  It is likewise entirely improper to "piggy-back" discovery requests like this.  We further note that this request is even more objectionable in that Plaintiffs have expanded the scope of custodians – in other words, you have included custodians who were not custodians to the Second Request or the subject CIDs – and have expanded the time period for an addition year in the past to January 1, 2016.

**"Requests that Defendants Claim Are Duplicative"**

This request is a subset of the previous request and is rejected for the same reasons.  In addition, documents regarding "financing" are irrelevant to the claims in the case, particularly documents beyond those that Defendants have already provided and will provide.

**"Requests for Which Defendants Have Otherwise Refused to Produce Documents"**

Defendants stand on their objections as to these requests.

Sincerely,

David I. Gelfand

cc (by email):

**California Office of the Attorney General:**  Paula Blizzard, Esq.; Kathleen Foote, Esq.; Nicole Gordon, Esq.; Michael Jorgenson, Esq.; Adam Miller, Esq.; Laura Namba
**Colorado Office of the Attorney General:**  Devin Laiho, Esq.; Jeni Murphy
**Connecticut Office of the Attorney General:**  Michael Cole, Esq.
**Office of the Attorney General for the District of Columbia:**  Arthur Durst, Esq.,
**Hawaii Office of the Attorney General:**  Rodney I. Kimura, Esq.
**Maryland Office of the Attorney General:**  John R. Tennis, Esq.; Gary Honick, Esq.
**Massachusetts Office of the Attorney General:**  William Matlack, Esq.; Matthew Frank, Esq.; Michael MacKenzie, Esq.; Daniel Leff, Esq.; Grace Bradshaw, Esq.
**Michigan Office of the Attorney General:**  Wisam E. Naoum, Esq.
**Office of the Minnesota Attorney General:**  Justin Moor, Esq.
**Mississippi Attorney General's Office:**  Crystal Utley Secoy, Esq.
**Office of the Nevada Attorney General:**  Lucas J. Tucker, Esq.; M Krueger, Esq.; Marie W.L. Martin, Esq.
**New York State Office of the Attorney General:**  Beau Buffier, Esq.; Elinor Hoffman, Esq.; Michael Jo, Esq.; Jeremy Kasha, Esq.; Arlene Leventhal, Esq.; Peter Malaspina, Esq.; Beatriz Marques, Esq.; Alexander Scolnik, Esq.; James Yoon, Esq.; Amber Wessels-Yen, Esq.; Morgan Feder, Esq.; Javier Ortega, Esq.; Managingattorney@ag.ny.gov
**Virginia Office of the Attorney General:**  Sarah Oxenham Allen, Esq.; Tyler T. Henry, Esq.
**Wisconsin Office of the Attorney General:**  Gwendolyn J. Cooley, Esq.; PomraningHC@doj.state.wi.us
**Munger, Tolles & Olson LLP:**  Glenn Pomerantz, Esq.; Kuruvilla Olasa, Esq.; Kyle Mach, Esq.; Lauren Ross, Esq.; Candace Yun, Esq.; Belinda Morales, Esq.
**Wilson Sonsini Goodrich & Rosati P.C.:**  Joshua H. Soven, Esq.; Brad Tennis, Esq.; Justin Epner, Esq.
**Gibson, Dunn & Crutcher LLP:**  Richard G. Parker, Esq.; Brian Ryoo, Esq.
**Wilmer Cutler Pickering Hale & Dorr LLP:**  Hallie B. Levin, Esq.; David Gringer, Esq.; Jeremy Adler, Esq.
**Morrison & Foerster LLP:** David Fioccola, Esq.; Kerry Jones, Esq.; MoFoLakesNYLit@mofo.com
**Skadden, Arps, Slate, Meagher & Flom LLP:**  Steven Sunshine, Esq.; Julia York, Esq.; Karen Hoffman Lent, Esq.