# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

August 5, 2019

VIA ECF

Hon. Robert W. Lehrburger
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

Re: *State of New York, et al. v. Deutsche Telekom AG, et al.*, No. 1:19-cv-05434-VM-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

I write on behalf of all Defendants regarding the issue of in-house counsel access to confidential information, which was discussed with Your Honor at the case management conference on August 1, 2019. In order to implement Your Honor's rulings on this issue, we respectfully submit a redline, attached hereto as Exhibit 1, showing Defendants' proposed changes to the Stipulated Interim Protective Order entered by the Court on June 28, 2019, ECF No. 69.

Counsel for Defendants and counsel for Non-Party Movants Comcast, Charter, Altice, AT&T, and Samsung met and conferred regarding edits to the protective order but did not reach an agreement. We are continuing to discuss this issue with counsel for the Non-Party Movants and will try to reach agreement before they submit a response on Wednesday, August 7.

**Highly Confidential Information.** Defendants have proposed a definition of "Highly Confidential Information" that applies to "any highly competitively sensitive Confidential Information which is so sensitive that it is entitled to extraordinary protections, the disclosure of which would cause significant harm to the competitive or commercial interests of the Protected Person, and that harm could not be avoided through use of the Confidential Information designation." *See* Exhibit 1 at ¶ A(1)(f).

This provision adequately addresses Non-Party Movants' concerns regarding information that is competitively sensitive, while also protecting against the risk of over-designation. *See* Aug. 1, 2019 Hearing Tr. at 11:1-5. To the extent that certain materials provided by Non-Party Movants are not competitively sensitive and thus do not meet this definition, those materials are still protected by the significant safeguards established by the provisions governing Confidential Information.

Hon. Robert W. Lehrburger
August 5, 2019
Page 2

       In addition to being able to challenge particular designations, Defendants have included a provision that Defendants may, after meeting and conferring with the relevant non-parties, file a motion with the Court requesting that certain in-house litigation counsel be permitted access to particular Highly Confidential Information. *See* Exhibit 1 at ¶ E(2); Aug. 1, 2019 Hearing Tr. at 7:17-24 ("If a party feels that in-house counsel has to see particular information that has been marked highly confidential, the parties must meet and confer, and if they cannot agree, then they can bring it to my attention. If in-house counsel is allowed access, there is going to be a presumptive rule that only two are allowed per defendant, but you can make a request for more if there is good cause for that.").

       ***Confidentiality Designation Disputes.*** Defendants propose a revision to Paragraph D(2) regarding the timeline for resolution of any disputes over confidentiality designations. *See* Exhibit 1 at ¶ D(2) (Defendants' redline showing proposed changes). The Stipulated Interim Protective Order provides that the parties must meet and confer within 7 calendar days of the objecting party's notice of an objection to a confidentiality designation, and if no agreement is reached within those 7 calendar days, the objecting party then could file a letter motion with the Court. Because it is critical for Defendants to have prompt resolution of these disputes given the compressed discovery schedule and because Defendants' in-house litigation counsel play an essential role in Defendants' trial preparations, Defendants have proposed a modest acceleration of the meet-and-confer time period from 7 calendar days to 3 business days.

       ***Other Proposed Changes.*** In addition to the in-house counsel access issue, Non-Party Movants previously requested several other changes. *See* ECF No. 99-2 at ¶¶ A(1)(b), E(7), I (Non-Party Movants' redline proposal showing changes to identified paragraphs of Stipulated Interim Protective Order). As noted in our July 12 letter, ECF No. 112 at 3, Non-Party Movants have not provided any explanation in their briefs for these changes to establish the required good cause. Nonetheless, as a reasonable compromise between the 90 days provided by the Stipulated Interim Protective Order and the 30 days previously proposed by Non-Party Movants, Defendants are willing to agree that return or destruction of confidential information should occur within 60 days. *See* Exhibit 1 at ¶ I (Defendants' redline showing proposed changes).

       ***Plaintiffs' Use of Confidential Information for Certain Purposes.*** Defendants do not oppose a previously proposed revision to the last subpart of Paragraph E relating to Plaintiffs' use of confidential information for law enforcement purposes or as otherwise provided by law or court order, which Defendants understand was requested by Plaintiffs. *See* Exhibit 1 at ¶ E(11)(f) (Defendants' redline showing proposed changes).

                                                        Respectfully submitted,

                                                        /s/ David I. Gelfand

                                                        David I. Gelfand

cc (via ECF):  Counsel of Record