**MUNGER, TOLLES & OLSON LLP**

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

September 17, 2019

Writer's Direct Contact
(213) 683-9132
(213) 683-5132 FAX
Glenn.Pomerantz@mto.com

VIA ECF

Hon. Robert W. Lehrburger
500 Pearl Street, Room 1960
United Stats Courthouse
New York, NY 10007

Re:   *State of New York, et al. v. Deutsche Telekom AG, et al.*
      No. 1:19-cv-05434-VM-RWL (S.D.N.Y.)

Dear Magistrate Judge Lehrburger:

  I write in response to the letter sent to Your Honor yesterday by Defendants' counsel.  Plaintiffs oppose Defendants' request to move the trial date from December 9 to December 2, in part based on a series of prior calls between the parties.

  As for Defendants' request regarding a potential third week of trial, we note that trial is currently scheduled to last only two weeks, and therefore should conclude on December 20.  See Case Management Plan and Scheduling Order ("CMP") (docket # 201) at ¶ 10.C.  If a third week of trial becomes necessary, Plaintiffs prefer that the third week be set for January 6-10, or as soon thereafter as Judge Marrero is available.  Plaintiffs join the request for clarification of the Court's preference for scheduling trial the weeks of December 23 and December 30, or instead during the week of January 6 or some other week in January.

  The reasons for Plaintiffs' positions are highlighted by the discussions between Plaintiffs' and Defendants' counsel that preceded yesterday's letter to Your Honor.  We received

42885713.1

MUNGER, TOLLES & OLSON LLP

Hon. Robert W. Lehrburger
September 17, 2019
Page 2

a call from counsel for Defendant T-Mobile several days ago asking if we would join a call to Your Honor's clerk to discuss the scheduling for a potential third week of trial. Defendant's counsel said that if a third week of trial were necessary, Defendants would prefer to schedule the third week of trial on five days selected by Judge Marrero during the weeks of December 23 and December 30. We stated that to the extent it was Defendant's plan to ask the clerk if the trial could start a week earlier (December 2), we did not believe that a phone call to the clerk was the proper way to seek a change of the trial date and we would oppose any such request.

We also asked Defendant's counsel for their views on the schedule for post-hearing briefs and closing arguments, because the difference between having trial during the holidays and having trial during the week of January 6 would likely not lead to any meaningful difference in the overall schedule. (Paragraph 13 of the CMP sets forth the parties' agreement to submit post-trial briefs, but does not establish the schedule for those briefs.) We also explained that our lead counsel had a paid-for vacation already planned with family from December 28 through January 4, but that if the Court set the case for trial during those dates, he would miss the vacation and be in Court. Defendant's counsel has not yet provided us with a proposed overall schedule.

Yesterday's letter from Defendants does precisely what Plaintiffs suspected: it suggests that the Court should move the trial date up by a week to avoid a trial over the holidays. But moving the trial up a week would seriously prejudice Plaintiffs' preparation for trial. The parties negotiated a tight schedule for this case based on the December 9 trial date that Your Honor set at the August 1 status conference. Expert discovery, for example, is not scheduled to conclude until November 22 (CMP at ¶ 9), and the Joint Pretrial Order is due on November 26 (CMP at ¶ 11). Designation of exhibits and deposition testimony, and objections to the other side's designations, must be done at the same time as completion of expert discovery and preparations for trial. Moreover, lawyers, staff and witnesses have arranged their schedules based on a December 9 trial date. Plaintiffs strongly oppose Defendants' request to advance the trial date by a week to December 2.

Not only would moving the trial forward be highly prejudicial to Plaintiffs, it is also unlikely to have any material effect on how quickly the case can be resolved. Defendants suggest that Your Honor only has two choices: either hold trial over the holidays or move the trial date up to December 2. But there is a third choice: if a third week is necessary, that third week can be set for the week of January 6 or the next available week on Judge Marrero's calendar.

Although Defendants have not yet proposed a schedule for post-trial briefs and closing arguments, the need to accommodate these additional tasks means that there is little benefit to scheduling trial over the holidays. Under Defendants' proposal, the trial would end around January 3, but the parties will have worked straight through the holidays. If the third week of trial instead was scheduled for the week of January 6, trial would end on January 10—a

42885713.1

MUNGER, TOLLES & OLSON LLP

Hon. Robert W. Lehrburger
September 17, 2019
Page 3

difference of just one week.  And the parties would have had two weeks during the holidays when they could both travel home and spend time with their families—and begin the preparation of the post-trial briefing.

If one assumes that the schedule for post-trial briefing and closing arguments will take approximately six weeks, then the difference between holding trial during the holidays versus the week of January 6 is only whether closing arguments occur on February 14 or February 21.[1]  Defendants have not explained why that one-week difference creates any real prejudice to them.  And if Your Honor believes that that one week does matter, a slight compression in the post-trial briefing schedule could easily compensate, because the two-week break for the holidays will also allow the parties to begin preparing the post-trial briefing.

To be clear, if Your Honor or Judge Marrero believes that trial should go forward during the weeks of December 23 and/or December 30, Plaintiffs will be prepared to go forward during those weeks.  It is not our preference, but we will do whatever it takes to present the vital issues raised by this case on the schedule set by the Court.

Respectfully submitted,

/s/ *Glenn D. Pomerantz*

Glenn D. Pomerantz

---

[1] For instance, the parties could submit simultaneous opening post-trial briefs three weeks after the close of trial, submit simultaneous reply briefs two weeks after the opening briefs are submitted, and present closing arguments one week after the reply briefs are submitted.

42885713.1