November 8, 2019

<u>Via ECF</u>

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, NY 10007

        Re:    *New York, et al. v. Deutsche Telekom AG, et al.*,
               No. 19 Civ. 5434 (VM) (RWL)

Dear Judge Lehrburger:

We write on behalf of non-parties Comcast Corporation, Charter Communications, Inc., Altice USA, Inc. (the "Cable MVNOs"), and AT&T Inc. (collectively, the "Third Parties"), in opposition to T-Mobile's November 5, 2019 letter (ECF 234) seeking to modify the Amended Protective Order (ECF 185). In that letter, T-Mobile sought leave for one of its employees, attorney Melissa Scanlan, to attend portions of five upcoming expert depositions during which the Third Parties' Highly Confidential Information ("HCI") will be the subject of testimony.

The Court has already recognized that the third-party information at issue here is extremely sensitive and is entitled to heightened protections. In light of this, the Court granted the Third Parties' motions for an Amended Protective Order barring defendant employee access to Third Party HCI. The Court explained that such information involves "highly sensitive pricing, marketing, and competitive information" that "really goes to the heart of competition and business dealings between nonparties and the parties." Aug. 1, 2019 Transcript ("Tr.") at 7:5-6, 10:9-11. Now, despite that ruling, T-Mobile seeks blanket permission for its employee to attend every part of depositions where *any* HCI produced by the Third Parties may be the subject of examination. The Third Parties remain willing to work with T-Mobile so that Ms. Scanlan can attend appropriate portions of these depositions, but the "blank check" sought by T-Mobile is flatly inconsistent with the Court's prior decision and should be rejected.

Under the Amended Protective Order, defendants' employees, including in-house counsel, are forbidden from accessing Third Party HCI. ECF 185 ¶ E(2). Defendants' employees are also barred from attending any "portion of any deposition related to any non-Party Protected Persons' Highly Confidential Information, and will not be provided copies of the transcripts or exhibits for such portions of the depositions." *Id.* ¶ E(8). The Court also ruled that "[i]f a party feels that in-house counsel has to see *particular information* that has been marked highly confidential," that defendant may seek permission after meeting and conferring with the affected non-party. Tr. 7:17-21 (emphasis supplied). Consistent with that ruling, the Amended Protective Order requires that any request for disclosure of HCI to in-house counsel must involve specifically identified HCI. ECF 185 ¶ E(2). Moreover, on any such request, defendants "bear the burden of establishing good cause" for disclosure of the specific HCI, "taking into account, but not limited to, Defendants' need for disclosing the information to in-house counsel, and potential prejudice to the Protected Person if the information is so disclosed." *Id.*

Hon. Robert W. Lehrburger
November 8, 2019

       T-Mobile's request fails to satisfy the requirements of the Amended Protective Order and
should be denied for several reasons.  First, T-Mobile fails to identify the Third Party HCI at
issue, conceding that it "cannot anticipate every piece of Highly Confidential Information that
may be raised by Plaintiffs or that may become relevant during the course of [five] seven-hour
deposition[s]."  ECF 234-2 at 1.  That makes T-Mobile's request procedurally improper under
the Court's ruling and the Amended Protective Order.  Without identifying the specific HCI, the
Third Parties—each of which has provided voluminous materials in response to subpoenas and
civil investigative demands—cannot determine whether or not to consent to a defendant
employee's presence.  Perhaps the parties cannot or will not identify all of the Third Party HCI
that will be at issue in the expert depositions in advance, as T-Mobile suggests.  If so, however,
that is a reason to deny T-Mobile's request—not to grant an exception that entirely swallows the
important rule established by this Court and reduces the current protections for Third Parties.[1]

       Second, blanket disclosure of HCI to Ms. Scanlan would cause prejudice to the Third
Parties.  T-Mobile's conclusory statement that "there is no prejudice from Ms. Scanlan's
attendance" ignores the Third Parties' prior showing—and the Court's prior ruling—that the
Third Parties' document productions and deposition testimony concern key strategic and
competitive issues for their wireless and wireline businesses.  *See* ECF 91 at 5-6 (Cable MVNOs'
motion); ECF 97 at 3-5 (AT&T's motion); Tr. 6:14-7:24, 10:9-13.  The information contained in
these materials cannot be "unlearned," and could provide improper advantage to T-Mobile in
competition and/or negotiations with the Third Parties.  This risk is particularly high with respect
to Ms. Scanlan, who is likely to be involved in business decisions relating to the Third Parties
since her job entails "advis[ing] executive team and business owners regarding risk mitigation
with an emphasis on intellectual property, antitrust, contractual, and network-related issues."  *See*
ECF 129 at 8-9 (providing other reasons why disclosing Third Party HCI to Ms. Scanlan is
inappropriate).  The Court, having recognized the sensitivity of the Third Party HCI and the
importance of additional protections to safeguard it, including non-access by defendants'
employees, should reject T-Mobile's latest conclusory denial of prejudice.

       Third, there is no "need" for Ms. Scanlan to be present for testimony concerning the
unspecified Third Party HCI.  T-Mobile and its co-defendants are represented by numerous
experienced antitrust lawyers from leading law firms, who have had more than a year to learn the
nuances of T-Mobile's business and the case—and who, ***unlike*** Ms. Scanlan herself, have been
privy to the Third Party HCI during discovery.  *See Sullivan Mktg., Inc. v. Valassis Commc'ns,
Inc.*, 1994 WL 177795, at *3 (S.D.N.Y. May 5, 1994) (finding "minimal" prejudice in precluding
in-house attorney's access to confidential information where "experienced [outside] antitrust
counsel" had "been involved . . . from the beginning" and were "fully familiar with the facts").
T-Mobile identifies no unique expertise that Ms. Scanlan has relating to the Third Party HCI, and
offers no justification for her presence for testimony relating to Third Party HCI beyond "very
general, boilerplate language regarding attorneys needing to share facts with their clients."

---

       [1] In addition to its request for blanket permission, T-Mobile also identified particular Third Party HCI that
is likely to be the subject of expert deposition testimony because it was cited in expert reports.  The Third Parties
have consented to Ms. Scanlan's presence for expert deposition testimony relating to much of that identified Third
Party HCI, and are evaluating T-Mobile's other requests.  The Third Parties remain willing to evaluate requests
relating to further Third Party HCI specifically identified to them either in advance of the expert depositions or, with
respect to deposition transcripts, after such depositions.

Hon. Robert W. Lehrburger
November 8, 2019

*F.T.C. v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 671 (N.D. Ill. 2016).[2]  The Court should thus reject T-Mobile's generic assertions of "need."  Moreover, if the Third Party HCI at issue in the depositions is truly "limited" as T-Mobile suggests, it will be no hardship for Ms. Scanlan to be absent from the small portions of the depositions where it is discussed.[3]

        In this regard, we note that, during pretrial expert depositions in the recent AT&T/Time Warner litigation, AT&T's in-house counsel simply left the room for testimony concerning non-party confidential information.  This procedure protected non-party confidentiality interests, without hampering AT&T's preparations for trial, at which AT&T prevailed.  The same procedure is already found in the Amended Protective Order, ECF 185 ¶ E(8), and T-Mobile should be required to follow it.

        The Court should also deny T-Mobile's request to give Ms. Scanlan unfettered access to expert deposition transcripts containing any and all Third Party HCI.  Such access is inconsistent with the Amended Protective Order and is all the more inappropriate because T-Mobile would permit access in its own corporate offices and computer network with no safeguards (e.g., a secure electronic data room that prevents copying or printing the documents containing Third Party HCI).  The Third Parties also cannot consent to such access without knowing the particular HCI contained in those transcripts, which is currently unknown and could include any HCI that the Third Parties have provided.  Under the Amended Protective Order, Ms. Scanlan can already review redacted expert deposition transcripts, and the Third Parties have committed to evaluate whether some or all of such redactions can be removed on a case-by-case basis.

                                        *        *        *

        The Third Parties have worked with T-Mobile to ensure that Ms. Scanlan can attend appropriate portions of the expert depositions, and remain willing to do so.  But the current request goes too far and defeats the protections of the Amended Protective Order.  Accordingly, the Third Parties respectfully request that the Court enforce the Amended Protective Order and (1) deny permission for Ms. Scanlan to attend portions of the upcoming expert depositions relating to Third Party HCI, except to the extent that the Third Party at issue consents in advance; and (2) deny Ms. Scanlan automatic access to unredacted deposition transcripts or videotapes relating to Third Party HCI, except upon consent of the Third Party at issue.

        The Third Parties are available for a hearing or telephonic hearing on this matter.

---

        [2] T-Mobile's cited authorities do not support granting unfettered access to Third Party HCI under the circumstances of this case and the terms proposed by T-Mobile.  In any event, as shown during briefing on the protective order, the vast majority of merger cases proceed through discovery without in-house counsel having ***any*** access to third-party confidential information.  *See* ECF 153 at 8-10.

        [3] Because litigants commonly attempt to impeach expert witnesses using materials not considered by the expert, however, there is ample reason to believe that additional undisclosed Third Party HCI will be used at the upcoming depositions.

Hon. Robert W. Lehrburger
November 8, 2019

                                          Respectfully submitted,

PAUL, WEISS, RIFKIND,                     DAVIS POLK & WARDWELL LLP
WHARTON & GARRISON LLP

By:  /s/ Jonathan S. Kanter               By:  /s/ Arthur J. Burke

Jonathan S. Kanter (*pro hac vice*)       Arthur J. Burke
2001 K Street, NW                         Christopher Lynch
Washington, DC 20006                      450 Lexington Avenue
(202) 223-7300                            New York, New York 10017
                                          (212) 450-4000
Jay Cohen
1285 Avenue of the Americas               *Attorneys for Non-Party*
New York, NY 10019                        *Comcast Corporation*
(212) 373-3000
                                          ROPES & GRAY LLP
*Attorneys for Non-Party*
*Altice USA, Inc.*                        By:  /s/ Mark S. Popofsky

CROWELL & MORING LLP
                                          Mark S. Popofsky (*pro hac vice*)
By:  /s/ Olivier N. Antoine               2099 Pennsylvania Avenue, NW
                                          Washington, DC 20006
Olivier N. Antoine                        (202) 508-4600
Glen G. McGorty
590 Madison Avenue, 20th Floor            Alexander B. Simkin
New York, NY  10022-2524                  1211 Avenue of the Americas
(212) 223-4000                            New York, NY 10036
                                          (212) 596-9000
*Attorneys for Non-Party*
*AT&T, Inc.*                              *Attorneys for Non-Party*
                                          *Charter Communications, Inc.*


cc:  All Counsel of Record (via ECF)