

**U.S. DEPARTMENT OF JUSTICE**
Antitrust Division

Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

November 8, 2019

The Honorable Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

Re:   *State of New York v. Deutsche Telekom AG*, 1:19-cv-5434-VM-RWL

Dear Magistrate Judge Lehrburger:

    I write to request a pre-motion conference for the United States' anticipated motion to intervene in the above-referenced matter for the limited purpose of moving to disqualify Mr. Glenn D. Pomerantz and his firm, Munger, Tolles & Olson LLP, from representing the New York and California Attorneys General under New York Rules of Professional Responsibility 1.11, 1.9(c), and 1.7(a)(2). As explained below, the basis for the motion is that Mr. Pomerantz previously served as a lead trial counsel for the United States in its lawsuit to block AT&T Inc.'s proposed acquisition of T-Mobile USA, Inc. ("AT&T/T-Mobile"). In that role, he had access to confidential government information that creates a conflict. This disqualifies Mr. Pomerantz (and his law firm) under longstanding ethical limits on the activities of former government attorneys. The United States seeks to bring this motion after careful consideration and consultation with career bar ethics experts within the Department of Justice.

    The essential facts underlying the United States' motion are as follows. In 2011, the United States sued to block AT&T's proposed acquisition of T-Mobile  In October 2011, Mr. Pomerantz left his firm to serve as a lead trial counsel for the United States until the merging parties abandoned their transaction on December 19, 2011. In Mr. Pomerantz's role, he oversaw the day-to-day issues that arose in the pretrial litigation and had full access to the United States' files, which included confidential information provided by the parties to that action; confidential information from significant third-parties, including Sprint Corporation; and internal Department of Justice legal and economic memoranda, many of which incorporated other confidential information and contained analyses and strategies developed by Department of Justice personnel.

The Honorable Robert W. Lehrburger
2

The proposed AT&T/T-Mobile merger in 2011 and the current T-Mobile/Sprint merger involve many of the same issues. In both, two of the four nationwide wireless carriers sought to merge. In both, the market was defined as the same four wireless carriers. T-Mobile was a party to both transactions. Sprint played significant roles in both. In AT&T/T-Mobile, Sprint was an important potential witness opposed to the transaction, and in the present transaction, Sprint is one of the merging parties. In fact, Mr. Pomerantz's firm has served document requests on T-Mobile and Sprint in this action seeking information related not only to the proposed AT&T/T-Mobile merger, but specifically requesting information about any T-Mobile and Sprint meetings or advocacy in front of the Department of Justice regarding the 2011 proposed merger.

As explained in a letter from Mr. Pomerantz's firm (Exhibit A at 3-4), Defendants' counsel contacted the Division in August to suggest that, as a result of his work at the Division in 2011, Mr. Pomerantz's representation of California and New York implicated Rule 1.11(c) of the New York Rules of Professional Conduct. This raised serious concerns for the Division, which has an independent interest in ensuring that its current and former employees, and any others with access to confidential government information, fulfill their ethical obligations. We therefore consulted with career bar ethics experts within the Department of Justice, and then promptly raised our concern with Mr. Pomerantz later that month. At Mr. Pomerantz's request, we exchanged correspondence on these questions. After full and careful consideration, including reviewing two letters from Mr. Pomerantz's firm (Exhibits A & B, sent September 13 and 19), the career bar ethics officials within the Department concluded that Mr. Pomerantz and his firm have a serious conflict of interest and should withdraw from this representation. The Department explained its reasoning in a fourteen-page letter on October 28 (Exhibit C). Mr. Pomerantz's firm declined to withdraw (Exhibit D). As a former client of Mr. Pomerantz's, the United States has standing to move for his disqualification. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983).

New York Rule 1.11(c) protects the United States' "confidential government information" from disclosure, and prohibits a former government lawyer from representing a client in a matter in which the lawyer could use that confidential information to a person's material disadvantage. In the present situation, Mr. Pomerantz obtained confidential government information in the AT&T/T-Mobile merger litigation about T-Mobile and Sprint, including internal Department of Justice memoranda and analyses that are not subject to discovery in this case. Mr. Pomerantz could use that information to the material disadvantage of T-Mobile and Sprint in the ongoing litigation. Moreover, consent cannot cure a Rule 1.11(c) conflict.

Additionally, New York Rule 1.9(c) prohibits Mr. Pomerantz from using the United States' confidential information to the United States' disadvantage or revealing it to any other entity. Here, given the similarities between the present litigation pending in this Court and the AT&T/T-Mobile merger litigation, Mr. Pomerantz owes a duty to the United States under Rule 1.9 with respect to the confidential information that he obtained as a lead trial counsel for the government. Under these circumstances, Mr. Pomerantz's

The Honorable Robert W. Lehrburger
3

continuing duty to his former client, the United States, creates a conflict in representing his current clients, the New York and California Attorneys General. New York Rule 1.7(a)(2) generally prohibits a lawyer from representing a client "if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property, or other personal interest." "In addition to conflicts with other current clients, a lawyer's duties of loyalty and independence may be adversely affected by responsibilities to former clients under Rule 1.9." N.Y.R. Prof'l Conduct 1.7, NYSBA cmt. [9].

Although Mr. Pomerantz has claimed that he does not remember any confidential information from AT&T/T-Mobile merger litigation, that is insufficient to resolve the conflict. Unless Mr. Pomerantz's firm established a timely screen — and there is no reason to believe it has — then it too has a conflict for the same reasons that Mr. Pomerantz does. The appropriate remedy for these conflicts is disqualification.

Mr. Pomerantz's clients, the Attorneys General of New York and California, have retained Fiona Scott Morton as an expert in the matter pending before this Court. Prof. Scott Morton served as the Deputy Assistant Attorney General for Economics during the AT&T/T-Mobile litigation and, in that capacity, supervised the economic team as it assembled the evidence to support the Division's case, managed interactions with expert witnesses, and helped set the strategy and direction of economic litigation support. Prof. Scott Morton's involvement raises concerns that Mr. Pomerantz could use this expert's knowledge of the government's confidential information. While Prof. Scott Morton is not bound by the rules of professional responsibility, Mr. Pomerantz and other lawyers in his firm are ethically obligated to ensure that the conduct of non-lawyers with whom they work (*e.g.*, expert witnesses) act in a manner that is compatible with their own professional obligations. *See* New York Rule of Professional Responsibility 4.4; *see also* D.C. Legal Ethics Comm., Op. 285 (Nov. 1998).

Since disqualification is a matter of public interest, there is no particular time limit for filing a motion to disqualify and, in the absence of prejudice, laches is generally not a defense to a motion to disqualify. *Pastor v. Trans World Airlines, Inc.*, 951 F. Supp. 27, 33 (E.D.N.Y. 1996). There is no prejudice here. Mr. Pomerantz and his firm are representing the offices of state attorneys general, which are themselves composed of litigators, many of whom have made appearances in this matter and are playing active roles in the litigation. Additionally, Mr. Pomerantz and his firm have been aware of the United States' concern for several months, and chose to continue the representation.

The United States requests a pre-motion conference.

Sincerely,

Lawrence Reicher
Counsel to the Assistant Attorney General