UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>DEUTSCHE TELEKOM AG *et al.*,<br><br>*Defendants.* | Case No.: 1:19-cv-5434-VM-RWL<br><br>ECF Case |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF LEGAL OPINIONS

ny-1803022

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| INTRODUCTION | | 1 |
| LEGAL STANDARD | | 2 |
| ARGUMENT | | 2 |
| I. | EXPERT TESTIMONY IS NOT NEEDED TO PROVIDE "BACKGROUND" REGARDING THE FCC | 2 |
| II. | THE FCC FINAL ORDER RESOLVES ANY ISSUES REGARDING LICENSE TRANSFERS NECESSARY TO EFFECTUATE THE DOJ REMEDIES | 3 |
| III. | PROFESSOR SANDOVAL'S SPECULATION ABOUT FUTURE FCC ACTIONS IS INADMISSIBLE | 4 |
| CONCLUSION | | 5 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*DeGregorio v. Metro-N. R. Co.*,
  No. 3:05CV533 JGM, 2006 WL 3462554 (D. Conn. Nov. 1, 2006)..........................................4

*Hygh v. Jacobs*,
  961 F.2d 359 (2d Cir. 1992)..................................................................................................2, 4

*Mango v. BuzzFeed, Inc.*,
  316 F. Supp. 3d 811 (S.D.N.Y. 2018)........................................................................................2

*Marx & Co. v. Diners' Club Inc.*,
  550 F.2d 505 (2d Cir. 1977).......................................................................................................4

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
  643 F. Supp. 2d 482 (S.D.N.Y. 2009)...................................................................................2, 3

*In re Rezulin Prod. Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004)...................................................................................2, 5

*TC Sys. Inc. v. Town of Colonie, New York*,
  213 F. Supp. 2d 171 (N.D.N.Y. 2002).......................................................................................3

*Twin Cities Bakery Workers Health & Welfare Fund v. Biovail Corp.*,
  No. CIV.A. 01-2197 (JR), 2005 WL 3675999(D.D.C. Mar. 31, 2005), *aff'd
  sub nom., Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857 (D.C. Cir. 2008) ...................................4

*United States v. Lesniewski*,
  No. 11 CR 1091, 2013 WL 3776235 (S.D.N.Y. July 12, 2013), *aff'd sub nom.,
  United States v. Rutigliano*, 614 F. App'x 542 (2d Cir. 2015) ..................................................3

**Other Authorities**

Fed. R. Evid. 403 .................................................................................................................................2

# INTRODUCTION

Plaintiffs intend to introduce legal opinions at trial through law professor Catherine Sandoval.  Specifically, Professor Sandoval offers ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

But these are not proper subjects of expert testimony, and Professor Sandoval's testimony should be excluded for at least three reasons.  First, trial time should not be used to provide a ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  That is the function of a brief.  Second, Professor Sandoval's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ have been rendered moot by the FCC's Final Order setting forth what it will do: approve DISH's commitments to expand into facilities-based competition and to deploy services over its spectrum holdings.  Third, Professor Sandoval's speculation ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is inadmissible under black-letter law.  Her report and testimony should be excluded in their entirety.

In addition, Professor Sandoval's testimony should be excluded to the extent she intends to offer opinions that raise new issues not addressed in any of Defendants' opening or rebuttal reports, which is prohibited by the Joint Case Management Order.  (*See* ECF No. 201, ¶ 9.B.iii (for expert who has not submitted opening report on a topic, permitting reply report only where reply "addresses issues raised in the other side's rebuttal reports or disclosures regarding that topic").  Professor Sandoval concedes that only a minor portion of her report styled as a "reply" even purports to respond to a report from one of Defendants' experts.  *See* Sandoval Report ¶ 8 (describing three main topics of report and noting that only third topic purports to respond to two paragraphs of one of Defendants' reports); *id.* ¶¶ 63-75 (only 13 of report's 77 paragraphs

focused on third topic); *id.* pp. 64-65 (in Materials Relied Upon appendix, listing only one of Defendants' expert reports "limited to paragraphs 73-74").)

## LEGAL STANDARD

"'The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Mango v. BuzzFeed, Inc.*, 316 F. Supp. 3d 811, 812 (S.D.N.Y. 2018) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). A court may exclude any kind of evidence, whether an expert opinion or otherwise, on grounds of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Further, the Second Circuit "requir[es] exclusion of expert testimony that expresses a legal conclusion." *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992). In addition, "[i]nferences about the intent or motive of parties or others"—including federal regulatory agencies—"lie outside the bounds of expert testimony." *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004).

## ARGUMENT

I. **EXPERT TESTIMONY IS NOT NEEDED TO PROVIDE "BACKGROUND" REGARDING THE FCC.**

The overwhelming majority of Professor Sandoval's report—20 out of 37 pages—is devoted to ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐[1] But Plaintiffs have "demonstrated no reason why [they] need[] to call an expert to make this point. [They] can simply request the admission of [those] statutory provision[s] into evidence." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643

---

[1] Fioccola Decl. Ex. A (Expert Report of Catherine J.K. Sandoval ("Sandoval Report"), November 4, 2019, ¶¶ 16-56).

F. Supp. 2d 482, 503 (S.D.N.Y. 2009) (excluding purported testimony regarding how "EPA regulations were promulgated and standards were developed for the purpose of protecting human health and the environment, pointing to Congress' mandate with respect to the EPA's authority"). Where a report like this one "reads more like a legal brief than an expert opinion," it has no place at trial.[2] That is especially so here, because "review of FCC rulings and regulations impermissibly usurps the role of the trial judge in determining the relevant law." *Id*.[3] If Plaintiffs want to cite legal authority, they can do so in their own briefs. They do not need Professor Sandoval to do it for them.

## II.     THE FCC FINAL ORDER RESOLVES ANY ISSUES REGARDING LICENSE TRANSFERS NECESSARY TO EFFECTUATE THE DOJ REMEDIES.

Professor Sandoval asserts that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4]

These assertions are of no utility and are moot. The day after Professor Sandoval submitted her report, the FCC released a Final Order resolving these very issues. For example, the FCC's Final Order approved DISH's commitments and prescribed a detailed process for the FCC to authorize the transfer of spectrum licenses.[5] With respect to the question of ▮▮▮▮

---

[2] *TC Sys. Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 182 (N.D.N.Y. 2002).

[3] *See also United States v. Lesniewski*, No. 11 CR 1091, 2013 WL 3776235, at *9 (S.D.N.Y. July 12, 2013), *aff'd sub nom.*, *United States v. Rutigliano*, 614 F. App'x 542 (2d Cir. 2015) (excluding proffered expert testimony because "the subject of government agency definitions of disability entails matters of law, which would likely veer impermissibly into the Court's function at trial, and will not aid the factfinders in this case").

[4] Sandoval Report, ¶¶ 11, 58, 60, 62.

[5] Fioccola Decl. Ex. B (In the Matter of Applications of T-Mobile US, Inc., and Sprint Corporation for Consent to Transfer Control of Licenses and Authorizations, Memorandum Opinion and Order, Declaratory Ruling, and Order of Proposed Modification, WT Docket No. 18-197 (November 5, 2019) (the FCC "Final Order"), ¶¶ 12, 372-383.

▬▬▬▬▬▬ the FCC stated that it "[did] not find there is currently a material question of fact regarding Sprint's basic qualifications to be a Commission licensee."[6]  Further, the FCC found "no reason to believe that New T-Mobile, which will control Sprint, will be unwilling or unable to correct any errors or take any remedial steps that may be necessary" regarding compliance with FCC regulations.[7]  There is no need for testimony regarding what might happen when the FCC's actions are captured in the Final Order.

### III. PROFESSOR SANDOVAL'S SPECULATION ABOUT FUTURE FCC ACTIONS IS INADMISSIBLE.

It is black-letter law that expert testimony is inadmissible to state "legal standards" or a "legal conclusion."  *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509 (2d Cir. 1977); *Jacobs*, 961 F.2d at 363.[8]  But that is precisely what Professor Sandoval purports to do when she claims that the  ▬▬▬▬▬▬  Specifically, Professor Sandoval suggests that ▬▬▬▬▬▬ ▬▬▬▬▬▬  Any such opinion is at most a speculative legal opinion and should be excluded.  *See, e.g.*, *Twin Cities Bakery Workers Health & Welfare Fund v. Biovail Corp.*, Nos. Civ.A. 01-2197 (JR), 03-2075(JR), 2005 WL 3675999, at *4-5 (D.D.C. Mar. 31, 2005), *aff'd sub nom., Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857 (D.C.

---

[6] *Id*. ¶ 45.

[7] *Id*. ¶ 46.

[8] *See also DeGregorio v. Metro-N. R. Co.*, No. 3:05CV533 JGM, 2006 WL 3462554, at *3 n.2 (D. Conn. Nov. 1, 2006) ("[A]n expert should not be permitted to express an opinion that is merely an interpretation of federal statutes or regulations, as that is the sole province of the Court.")

[9] *See, e.g.*, Sandoval Report, ¶ 68.

[10] Sandoval Report, ¶¶ 70-74.

-4-

Cir. 2008). (experts' declarations regarding agency action were "fundamentally speculative"); *see also, In re Rezulin*, 309 F. Supp. 2d at 547 (finding expert testimony inadmissible when expert speculated as to the FDA's decision-making process in drug approvals). Her testimony should be excluded in its entirety.

## CONCLUSION

For all of the foregoing reasons, this Court should grant this motion and preclude Plaintiffs from seeking to introduce inadmissible legal opinions and speculation through a purported "expert."

Dated: New York, New York
November 18, 2019

MORRISON & FOERSTER LLP

BY:     /s/ Grant J. Esposito
          Grant J. Esposito
          David J. Fioccola
          Adam J. Hunt
          250 West 55th Street
          New York, NY 10019
          Tel.: (212) 468-8000
          Fax: (212) 468-7900
          E-mail: gesposito@mofo.com
                       dfioccola@mofo.com
                       adamhunt@mofo.com

          David L. Meyer (*pro hac vice*)
          Brad S. Lui (*pro hac vice*)
          2000 Pennsylvania Avenue, NW,
          Suite 6000
          Washington, D.C. 20006-1888
          Tel.: (202) 887-1500
          Fax: (202) 887-0763
          E-mail: dmeyer@mofo.com
                       blui@mofo.com

          *Counsel for Defendants SoftBank Group Corp. and Sprint Corporation*

WILMER CUTLER PICKERING HALE AND DORR LLP

BY:    /s/ Hallie B. Levin
Hallie B. Levin
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 295-6710
Fax: (212) 230-8888
E-mail: hallie.levin@wilmerhale.com

*Counsel for Defendant T-Mobile US, Inc. and Deutsche Telekom AG*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

BY:    /s/ Steven C. Sunshine
Steven C. Sunshine
Julia K. York (*pro hac vice*)
1440 New York Avenue NW
Washington, D.C. 20005
Tel.: (202) 371-7000
Fax: (202) 393-5760
E-mail: steve.sunshine@skadden.com
        julia.york@skadden.com

Karen Hoffman Lent
4 Times Square
New York, NY 10036
Tel.: (212) 735-3000
Fax: (212) 735-2000
E-mail: karen.lent@skadden.com

*Counsel for Defendant Sprint Corp.*

GIBSON, DUNN & CRUTCHER LLP

BY:    /s/ Richard G. Parker
Richard G. Parker (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel.: (202) 955-8503
Fax: (202) 530-9518
E-mail: rparker@gibsondunn.com

*Counsel for Defendant Deutsche Telekom AG*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

BY:    /s/ George S. Cary
George S. Cary (*pro hac vice*)
David I. Gelfand (*pro hac vice*)
2112 Pennsylvania Ave NW
Washington, D.C. 20037
Tel.: (202) 974-1500
Fax: (202) 974-1999
E-mail: gcary@cgsh.com
       dgelfand@cgsh.com

*Counsel for Defendant T-Mobile US, Inc. and Deutsche Telekom AG*