

**U.S. DEPARTMENT OF JUSTICE**
Antitrust Division

Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

December 4, 2019

The Honorable Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007

      Re:   *State of New York v. Deutsche Telekom AG*, 1:19-cv-05434-VM-RWL

Dear Magistrate Judge Lehrburger:

      I write to request a pre-motion conference so that the Court may amend the protective order in *State of New York v. Deutsche Telekom* to extend to the United States the same protections that Mr. Pomerantz has already committed to provide to defendants. Specifically, the United States seeks to maintain the confidentiality of material to which Mr. Pomerantz had access when he was previously employed by the Antitrust Division.

      Following this Court's November 21 Order, the United States accepts that Mr. Pomerantz will continue his representation in this matter. The United States requests different and more limited relief pursuant to Section J of the Amended Interim Protective Order, which provides a "Right to Seek Modification" to "any [p]erson" that seeks "further or additional protections of any of its materials . . . , including . . . an order that certain material . . . is not admissible in this Action." ECF No. 185. Although the United States proposed several options to resolve its concerns, Mr. Pomerantz and his counsel rejected each of them, and the United States is compelled to return to this Court to protect its interests. On November 25, the United States contacted counsel for Mr. Pomerantz to request that he consent to an order that memorialized and applied to the United States the same agreement that he had previously reached with Sprint and T-Mobile. *See* ECF No. 238-1 at 17. Mr. Pomerantz, through counsel, rejected that request without explanation or counterproposal on November 27. After a conversation with Mr. Pomerantz's counsel on December 2 to attempt to understand their reasons for rejecting the prior offer, the United States informed the parties on December 3 that it intended to move to amend the protective order, and requested their consent. All Defendants consented. Despite failing to identify a reason that the requested relief is inappropriate, Plaintiffs and non-parties Munger Tolles and Mr. Pomerantz did not consent.

      Whether to "modify a protective order is a decision committed to the sound discretion of the trial court." *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 147

The Honorable Robert W. Lehrburger
2

(2d Cir. 1987). In making this decision, courts balance four factors: "(1) good cause; (2) the nature of the protective order; (3) foreseeability of the requested modification; and (4) reliance on the protective order." *See Medacist Sols. Grp., LLC v. Omnicell, Inc.*, No. 09CIV6128, 2010 WL 11655322, at *3 (S.D.N.Y. Oct. 5, 2010). Where a movant "seeks to *increase* the level of protection afforded by the Protective Order, . . . the moving party may be subject to a lower modification standard." *Id.*

Amending the protective order here is necessary to protect the United States' confidential information, and will do so with no effect on the parties' trial preparation or resources. The nature of the United States' requested amendment is limited in scope to ensure that it will not prejudice any party's trial preparation, alter any party's expected trial presentation, or cause concern to any party that has relied upon the existing protective order. Mr. Pomerantz, who will be lead trial counsel for plaintiffs in the present case, has already agreed to a similar approach with T-Mobile and Sprint by representing that he does not remember, and does not intend to use, the defendants' confidential information to which he had access during his tenure as a Department of Justice employee. The United States simply asks to extend that commitment—in the form of a legally enforceable protective order—to cover all confidential government information. The proposed amendment thus will protect the United States' interests without disrupting or interfering with the upcoming trial, and without providing any party or non-party with access to any information that it did not already possess.

There is good cause for entering the requested amendment. The United States has a substantial interest in encouraging third-party cooperation with future investigations. *See United States v. Prevezon Holdings, Ltd.*, 839 F.3d 227, 239-40 (2d Cir. 2016). Merger investigations involve a forward-looking inquiry that requires a significant amount of cooperation from third parties to develop an understanding of how competition in the market works. *See United States v. General Dynamics Corp.*, 415 U.S. 486, 498 (1974) ("[O]nly . . . examination of the particular market—its structure, history and probable future—can provide the appropriate setting for judging the probable anticompetitive effect of the merger."). Allowing the confidential information of a cooperating third party in a prior investigation to be used in a later lawsuit could seriously chill third parties' participation in future investigations. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (explaining that continued sealing may be warranted "[i]f release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable"). Courts recognize the importance of guarding against former government attorneys using confidential information to benefit subsequent clients. *See* Dec. 3, 2019 Order, *United States v. Huawei Techs. Co.*, No. 18-cr-457 (E.D.N.Y.) (disqualifying former DAG Cole following arguments regarding the risk that he could use the government's information dating back to 2011).

Here, there is no dispute that at least one attorney had access to the United States' relevant, confidential information. In October 2011, the United States Department of Justice hired Mr. Pomerantz as a special government employee to serve as a lead trial counsel to challenge the merger between AT&T and T-Mobile. Mr. Pomerantz had full

The Honorable Robert W. Lehrburger
3

access to all confidential information received from the parties, including T-Mobile, and third parties, including Sprint. Mr. Pomerantz also had access to significant work product, thought processes, and trial strategies from Antitrust Division attorneys and economists that incorporated this information. Although New York, California, and several other states had a common interest agreement with the United States during this investigation, they did not have identical access to files. Mr. Pomerantz's representation of the United States continued until AT&T and T-Mobile abandoned their merger on December 19, 2011.

The United States first became aware in late July 2019 of a danger that plaintiffs may use its confidential information from the AT&T/T-Mobile investigation in the present T-Mobile/Sprint merger. This occurred when counsel for T-Mobile and Sprint notified the Antitrust Division that Mr. Pomerantz and his firm were making detailed requests during discovery for information relating to the AT&T/T-Mobile merger. By this time, however, several third parties had already moved the Court to modify the existing protective order. At the time of those motions, it was not foreseeable that the United States would need to seek modifications.

The United States initially approached this issue with Mr. Pomerantz in the context of his ethical obligations. The United States moved promptly, consistent with its obligations to confer with career bar ethics officials, to seek resolution without having to burden the court. This included a series of discussions with the Department's career bar ethics officials that began approximately one week after Mr. Pomerantz became adverse to the United States and it became clear to the United States that he viewed his prior representation as relevant to his current representation. Since that time, the United States has consistently sought to engage in a dialogue around these issues and to reach an amicable resolution. These discussions reached a head on October 23, when Assistant Attorney General Makan Delrahim called Mr. Pomerantz to inform him that the Department's career bar ethics officials had determined that his continued representation violated the ethics rules, and requested that he withdraw. On November 21, this Court rejected the United States' motion to intervene for the sole purpose of disqualifying Mr. Pomerantz and Munger Tolles as untimely.

Given that Mr. Pomerantz will continue his representation, the United States seeks to amend the protective order to safeguard the confidentiality of its information and to protect its interest in continuing to have access to necessary information in future investigations. The proposed amendment will do so without interfering with the upcoming trial or prejudicing any party's or third-party's reliance on the existing protective order. The United States respectfully requests the Court schedule a pre-motion conference to consider an amendment to the protective order in the form attached hereto.[1]

---

[1] The attached proposed order includes in red any changes to the existing Amended Interim Protective Order. The amendment to Paragraph A makes clear that the United States' confidential information is covered by the Order. The amendment to Paragraph E ensures that the United States' confidential information is not disclosed during the present litigation. The amendment to Paragraph F ensures that the Unites States' confidential information is not used during the present litigation.

The Honorable Robert W. Lehrburger
4

                    Sincerely,

                    /s/ Lawrence Reicher
                    Counsel to the Assistant Attorney General