GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

December 11, 2019

**VIA ECF**

The Honorable Judge Victor Marrero
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *State of New York et al. v. Deutsche Telekom et al., No. 1:19-cv-05434-VM*

Dear Judge Marrero:

I submit this trial brief in support of Deutsche Telekom's hearsay objection to the admission of Plaintiffs' Exhibit 1034. Defendants respectfully request a ruling excluding Plaintiffs' Exhibit 1034 from evidence because it is hearsay. The document is a January 2011 presentation that discusses potential strategic options for T-Mobile. Plaintiffs expressly limited their arguments for admissibility to the claim that Plaintiffs' Exhibit 1034 was created by Deutsche Telekom. Exhibit 1, Dec. 10 Trial Transcript at 359:1-360:3. Plaintiffs' claim is incorrect. The record demonstrates that the document was prepared by Morgan Stanley and that it is inadmissible hearsay.

Deutsche Telekom executive Thorsten Langheim testified at trial that Plaintiffs' Exhibit 1034 was the work product of Morgan Stanley:

> This is a Morgan Stanley document. There's 100 percent evidence for it. If you look at the layout, this is a document that has been produced by Morgan Stanley a hundred percent. We don't have the template for Morgan Stanley on our servers to produce this document. I was a banker myself. This is the Morgan Stanley layout logo, how they produce the documents.

*Id.* at 359:22-360:3. As the head of M&A for Deutsche Telekom at the time the document was created, Mr. Langheim is best positioned to know the origins of the document. Indeed, Mr. Langheim testified that he personally hired Morgan Stanley to perform the analysis contained in the document because he wanted Morgan Stanley's "independent advice." *Id.* at 354:18-19, 355:12-18.

The metadata shows that Plaintiffs' Exhibit 1034 is a Morgan Stanley document. The metadata consists of a variety of digital markers that identify the document and explain its origins. The

The Honorable Judge Victor Marrero
December 11, 2019
Page 2

author is identified as "taysto," and the company is identified as "Morgan Stanley."[1] A screenshot showing the relevant metadata for Plaintiffs' Exhibit 1034 is attached as Exhibit 2.

Mr. Pomerantz argued that Plaintiffs' Exhibit 1034 is a Deutsche Telekom document, relying upon the testimony of Mr. Tim Höttges and Mr. Peter Ewens. *See* Exhibit 1, Dec. 10 Trial Transcript at 356:17-357:6. Mr. Pomerantz is incorrect.

Mr. Höttges, Deutsche Telekom's chief executive, was asked in his deposition whether he recognized Plaintiffs' Exhibit 1034. He did not identify the document as Deutsche Telekom's: "I'm not 100% sure. I cannot recall the structure of this document a hundred percent. I remember the Project Greenland at that point in time." *See* Exhibit 3, Höttges Dep. at 91:21-23.[2] And during trial, Mr. Höttges testified that the document had not been prepared by Deutsche Telekom: "Sir, I have to admit that this document is not an official document of Deutsche Telekom. This document is not following the designed principles of presentations of Deutsche Telekom. We have a very clear, very German approach of how charts should look like, and this document is definitely not a document of our house." Exhibit 1, Dec. 10 Trial Transcript at 192:10-15.

Mr. Ewens, an employee of T-Mobile and not Deutsche Telekom, testified at his deposition only that the document *appeared* to originate from DT: "Q. Do you recall whether you were involved in the creation of the document which is Exhibit 54? A. Yeah, I don't recall. The document appears to be a Deutsche Telekom document based on the -- you know, based on the PowerPoint format. But I don't recall my specific involvement in this document." *See* Exhibit 4, Ewens Dep. at 14:23-15:3.

Moreover, the U.S. Department of Justice recognized that Plaintiffs' Exhibit 1034 was prepared by Morgan Stanley in an investigative deposition of Mr. Ewens that was attended by Beau Buffier, Paula Blizzard, and other of Plaintiffs' attorneys:

---

[1] We have examined all other documents in the defendants' productions where the metadata lists the author as "taysto." They are all unequivocally documents that were provided to the defendants by Morgan Stanley, as indicated by accompanying cover emails.

[2] Subsequent deposition testimony by Mr. Höttges is susceptible to being taken out of context – due to a compound question by Plaintiffs' counsel – and therefore is reproduced in full here. *See* Exhibit 3, Höttges Dep. 93:2-18 (emphasis added).

> Q. Do you see where it says "Copper Spectrum"? A. Copper -- to help you, "A" stands for AT&T, "Antelope". "Copper" stands for "C", Clearwire. And "Superbowl" stands for the combination, as we said, on TMUS and Sprint. Q. Thank you. And does this refresh your recollection that this Exhibit 30 (sic) is a DT document discussing Project Greenland in January 2011? A. *We definitely discussed this project*, yes. Q. I used the wrong exhibit number, so I'm going to try to fix that. This exhibit is also marked Ewens CID Exhibit 30, so I misstated that, and I'll ask the question again to get it clearer. Does the review that we have made refresh your recollection that this Exhibit 4 to your deposition is a DT document discussing Project Greenland in January 2011? A. Yep.

The Honorable Judge Victor Marrero
December 11, 2019
Page 3

> [Q.] Do you recognize this as a Deutsche Telekom – I'm sorry. Strike that. Do you recognize this as a deck from Morgan Stanley for T-Mobile? A. Can I take a minute to look at the deck? . . . Q. So let me ask, do you know, did T-Mobile engage Morgan Stanley to consider various strategic options including Project Super Bowl? A. No. Deutsche Telekom engaged Morgan Stanley to consider various options for T-Mobile.

Exhibit 5, Ewens CID Dep. at 523:2-20. Mr. Ewens agreed, testifying: "This is a Morgan Stanley document prepared at the request of DT." *Id.* at 525:11-13. Mr. Ewens is at best uncertain as to who authored Plaintiffs' Exhibit 1034.

In short, the record demonstrates Plaintiffs' Exhibit 1034 was created by Morgan Stanley, and it is therefore hearsay.

The record also demonstrates that it is not admissible under Rule 801(d)(2) because Deutsche Telekom did not direct the content of Morgan Stanley's text or adopt it in its entirety. Mr. Langheim testified that he requested the analysis but did not direct the outcome or make edits to the presentation because he wanted independent advice. Exhibit 1, Dec. 10 Trial Transcript at 354:20-355:25. Nor has Deutsche Telekom adopted the analysis. Mr. Höttges testified that Deutsche Telekom uses consultants like Morgan Stanley to get recommendations but that ultimately Deutsche Telekom "management has to call the shots." *Id.* at 194:2-10. In addition, Mr. Höttges testified he did not agree with a portion of the analysis and stated that "it was not an assumption which we ever, you know, took into consideration any kind of on the business cases which we have laid out for the Super Bowl transaction." *Id.* at 199:9-11.

Accordingly, we respectfully request that the Court exclude Plaintiffs' Exhibit 1034 because it is inadmissible hearsay.

Sincerely,

Richard G. Parker