GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Richard G. Parker
Direct: +1 202.955.8503
Fax: +1 202.530.9518
RParker@gibsondunn.com

December 19, 2019

VIA ECF

The Honorable Judge Victor Marrero
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   State of New York et al. v. Deutsche Telekom et al., No. 1:19-cv-05434-VM

Dear Judge Marrero:

This letter responds to Plaintiffs' request that the Court admit four documents into evidence, Plaintiffs' Exhibits 329, 339, 800, and 802. The Court should deny Plaintiffs' motion in its entirety because Plaintiffs have failed to demonstrate that the documents are admissible and the motion, in any event, is untimely.

Exhibits 329, 339, and 802 contain versions of the presentations that were used at two DT "workshops" with McKinsey in December 2015. Collectively, these exhibits are 220 pages. Exhibit 800 is an email between T-Mobile executive Peter Ewens and a former DT employee about the workshops. Notably, Exhibit 329 is the only of the four documents that Plaintiffs used with any witness at this trial. After hearing Plaintiffs' counsel's contentions on the relevant facts and law as to Exhibit 329, *see* Exh. A, Dec. 10 Tr. 311-13 (citing the Ninth Circuit's *FTC v. Qualcomm* case), the Court held that "[t]he evidence is that the client adopted some parts, did not adopt other parts, provided some guidance; but there's no indication that the client controlled the development of the content or that it ratified the report as a whole." *Id*. 315:16-20.

**Plaintiffs' Motion Is Untimely**

The parties exchanged objections to the admissibility of proposed trial exhibits well in advance of trial. Every assertion that Plaintiffs make about these four exhibits was known to them when they completed DT executive Thorsten Langheim's deposition on November 8. Yet Plaintiffs waited until the seventh trial day to file this motion, *days after the Deutsche Telekom and T-Mobile fact witnesses completed their testimony*. This is an obviously improper attempt by Plaintiffs to rely on snippets of more than 200 pages of documents in closing argument without

**GIBSON DUNN**

The Honorable Judge Victor Marrero
December 19, 2019
Page 2

the defendants having the ability to offer testimony about the particulars of the exhibits.[1] This motion is a strategic afterthought, particularly since Exhibit 329 is the only exhibit of the four in question here that Plaintiffs actually used with any witness in this trial.

Plaintiffs' excuse – that they expected the defendants to call Mr. Ewens – lacks merit. Defendants informed Plaintiffs on Wednesday, December 11, that they did not intend to call Mr. Ewens. Exh. B, Dec. 11 Tr. at 718:3-5. Plaintiffs could have called Mr. Ewens if they thought he was necessary for their case or could have at least alerted the Court and Defendants that they intended to seek admission of the documents by letter. Even so, whether Mr. Ewens would provide the necessary foundation for the documents used at the McKinsey workshop in 2015 is unclear given that, as Plaintiffs concede, Mr. Ewens's testimony as to the foundation of the McKinsey documents is inconsistent. ECF No. 346 at 2. But by waiting until late on Tuesday, December 17 to file their motion, Plaintiffs have strategically deprived Defendants of their ability to respond through fact testimony.

**The Documents Are Not Admissible**

Plaintiffs' motion is an eleventh-hour end run around the procedures that this Court consistently followed: admit documents only when live witnesses provide the necessary foundation. Exh. A, Dec. 10 Tr. 174:19-175:15. Plaintiffs' letter consists of a selective collage of snippets of testimony and documents that Plaintiffs cobbled together in the second week of trial. None of them actually evidence (1) that a DT employee drafted all or substantially all of the workshop presentations from the workshop or (2), per the Court's requirement, that DT "controlled the development of the content or that it ratified the report as a whole." *Id.* 315:16-20.

Furthermore, record evidence proves the contrary. Plaintiffs contend that "deposition testimony from . . . Hannes Wittig of DT[] demonstrates that these documents were prepared by and completely controlled by DT" and then quote Mr. Wittig's deposition. ECF No. 346 at 1. In fact, Mr. Wittig testified that he "was not involved in the preparation of" the McKinsey presentations. Exh. C, Wittig Dep. 90:5. Mr. Wittig's relevant testimony on this question is simply: "I didn't do it, so I don't know." ECF No 346 Ex. I, Wittig Dep. at 137:9-10. Mr. Langheim testified in his deposition that he "believe[s] that [McKinsey] pitched to try to get a mandate [to do work for DT], which I don't think they have gotten." Exh. D, Langheim Dep. 161:5-6.

---

[1] In contrast, Mr. Langheim and DT CEO Timotheus Hottges were able to provide testimony about Plaintiffs' Exhibit 1034, which the Court subsequently admitted into evidence.

GIBSON DUNN

The Honorable Judge Victor Marrero
December 19, 2019
Page 2

Accordingly, we respectfully request that the Court deny Plaintiffs' motion.

Sincerely,

/s/ Richard G. Parker

Richard G. Parker