



...ICALLY FILED
#:
i E F :   D:   1/14/20

**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue Ste. 2000 • Seattle WA 98104-3188

January 13, 2020

*Via ECF*

Hon. Victor Marrero
United States Courthouse
500 Pearl St., Suite 1610
Courtroom 15B
New York, NY 10007-1312

**Re:**   *New York v. Deutsche Telekom AG*, **No. 1:19-cv-05434-VM-RWL**

Dear Hon. Victor Marrero:

I write to express my deep concern with statements made by the Department of Justice (DOJ) in a Statement of Interest filed with this Court in New York et al v. T-Mobile (the "Statement"). While I understand that DOJ has an interest in protecting the resolution it reached with T-Mobile and Sprint, its Statement goes far beyond that. Specifically, DOJ's Statement unnecessarily and without legal basis seeks to undermine the states' important and independent role in enforcing antitrust laws.

For example, DOJ claims that the states "have neither the authority nor the responsibility to act on behalf of the nation,"[1] that states "do not consider the rights and interests of the nation as a whole,"[2] and that states' concerns can only be limited to their state borders.[3] Taken to its logical conclusion, DOJ seems to be of the view that the states do not, or at the very least should not, have the authority to challenge mergers that cross state borders, because they somehow cannot adequately represent those interests.

As an initial matter, States—and, for that matter, private parties—have every right to bring a merger challenge that the evidence and the law warrants, regardless of the position of the federal enforcers, or whether the markets are national or local. Indeed, there exist many examples of states seeking relief from merger parties that the federal enforcers elected not to pursue. Most recently, California filed a federal lawsuit to block Valero Corporation's proposed acquisition of two bulk petroleum terminals from its competitor, Plains All American Pipeline. California did so after the

---

[1] Statement at 23.
[2] *Id.*
[3] *Id.*

ATTORNEY GENERAL OF WASHINGTON

Hon. Victor Marrero
January 13, 2020
Page 2

federal government concluded it would not take any action against the transaction.[4] In addition, Colorado filed an enforcement action against UnitedHealth Group and DaVita Inc. to secure competitive relief that was not included in a settlement the parties reached with the federal government.[5]

Just as troubling is DOJ's suggestion that anticompetitive effects in local markets may not be sufficient to enjoin a transaction that is national in scope. An antitrust plaintiff need not allege a national market in order to challenge a merger that crosses state borders. The Clayton Act prohibits mergers and acquisitions that "substantially lessen competition in any line of commerce," be it national or local.[6] Only two years ago, the DOJ and fourteen plaintiff states successfully challenged the merger of Anthem, Inc. and Cigna, the nation's second and third largest medical health insurance carriers, alleging that the transaction would substantially lessen competition in both a nationwide market and several dozen local regions within the fourteen plaintiff states.[7] After a lengthy bench trial, the District Court concluded that the merger should be enjoined because it would result in anticompetitive effects in both the nationwide market alleged and at least one of the local markets; either harm would have been a sufficient basis to block the transaction. The D.C. Court of Appeals specifically upheld this ruling on appeal, noting that "[the local anticompetitive effects alone] provides an independent basis for the injunction, even absent a finding of anticompetitive harm in the [national] market."[8]

The federal government and the states can have genuine and meritorious disputes over the merits of an antitrust matter. However, DOJ's Statement goes well beyond a substantive dispute, and essentially suggests that if DOJ has taken a position on an antitrust matter, the states have no authority to reach a contrary conclusion. DOJ has no authority for this assertion and, indeed, there is none. A system of multiple enforcers is "an integral part of the congressional plan for protecting competition." *California v. American Stores*, 495 U.S. 271, 284 (1990). *American Stores* itself is an important example of this principle on display; shortly after the country's two largest grocery store chains secured clearance from the Federal Trade Commission to consummate their merger, the State of California filed a federal antitrust lawsuit, alleging that the merger would harm competition in markets throughout the state and seeking additional relief from the parties.

In the final analysis, the Statement's comments on state merger enforcement bears a far closer resemblance to a defense of DOJ's settlement with the Defendants than sound competition policy.

---

[4] *California v. Valero Energy Corp.*, No. 3:17-CV-03786 (N.D. Cal. June 30, 2017).

[5] *Colorado v. UnitedHealth Group Inc.*, *available at* https://coag.gov/app/uploads/2019/06/2019-06-19-08-00-13-United-DaVita-Complaint-final.pdf.

[6] *See Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962).

[7] *See* Complaint, *United States. v. Anthem, Inc.*, No. 1:16-cv-01493 (D.D.C. July 21, 2016) at 5, *available at* https://www.justice.gov/atr/file/903111/download.

[8] *United States v. Anthem, Inc.*, 855 F.3d, 345, 368 (D.C. Cir. 2017).

ATTORNEY GENERAL OF WASHINGTON

Hon. Victor Marrero
January 13, 2020
Page 3

Co-enforcement is woven into the fabric of the nation's antitrust laws, and diminishing the role of the states in merger enforcement both overlooks the law and is shortsighted.

Respectfully,

BOB FERGUSON
Attorney General

RWF/taj

Cc: All parties via CM/ECF

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *State of Washington* .

**SO ORDERED.**

*1-14-20*

DATE                    VICTOR MARRERO, U.S.D.J.