UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, DISTRICT OF COLUMBIA, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MISSISSIPPI, COMMONWEALTH OF VIRGINIA, and STATE OF WISCONSIN, <br><br>Plaintiffs, <br><br>v. <br><br>DEUTSCHE TELEKOM AG, T-MOBILE US, INC., SPRINT CORPORATION, and SOFTBANK GROUP CORP., <br><br>Defendants. | Case No.: 1:19-cv-05434-VM-RWL <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: <br> DATE FILED: 1/14/20 |

## MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF BY NICHOLAS ECONOMIDES, JOHN KWOKA, THOMAS PHILIPPON, ROBERT SEAMANS, HAL SINGER, MARSHALL STEINBAUM, AND LAWRENCE J. WHITE IN SUPPORT OF PLAINTIFFS

Nicholas Economides, John Kwoka, Thomas Philippon, Robert Seamans, Hal Singer, Marshall Steinbaum, and Lawrence J. White (the "Amici") are seven economists – scholars and experts in competition, industrial organization, and the economic analysis of antitrust issues – who have a special interest in the issues raised in this litigation and can offer their unique perspective to the Court, as scholars in this field as the Court considers these key economic issues. Amici respectfully move for leave to file the accompanying Amici Curiae Brief.

There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in district court. District courts, however, have discretion whether to grant leave to file an amicus brief. *In re GLG Life Tech. Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y.

2012); *see also Auto. Club of N.Y., Inc. v. Port Auth.*, No. 11 Civ. 6746 (RJH), 2011 U.S. Dist. LEXIS 135391, at *6 (S.D.N.Y. Nov. 22, 2011) ("The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties.") (citation omitted). District courts exercising this discretion often look for guidance to Federal Rule of Appellate Procedure 29, which applies to amicus briefs in federal appellate cases. *See, e.g., Auto. Club of N.Y., Inc.*, at *1 n.1. Rule 29 provides that prospective amici must file along with the proposed brief, a motion that states "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). "An amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the party are able to provide." *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted)). Courts in this district have regularly permitted amicus briefs that are relevant to the consideration of issues presented by the cases before them to be filed. *See, e.g., Cruz v. Decker*, No. 18-CV-9948 (GBD) (OTW), 2019 U.S. Dist. LEXIS 58247, at *2 (S.D.N.Y. Apr. 4, 2019); *C&A Carbone, Inc. v. Cty. of Rockland*, No. 08-cv-6459-ER, 2014 U.S. Dist. LEXIS 38658, at *3 (S.D.N.Y. Mar. 24, 2014); *United States v. Apple, Inc.*, No. 12 Civ. 2826 (DLC), 2012 U.S. Dist. LEXIS 110857, at *5 (S.D.N.Y. Aug. 6, 2012); *Steel Inst. v. City of N.Y.*, 832 F. Supp. 2d 310, 319 (S.D.N.Y. 2011).

Amici have expertise in competition and regulatory matters and seek to brief the Court on the competitive effects flowing from the proposed merger of Sprint Corporation ("Sprint") and T-Mobile US, Inc. ("T-Mobile"), which is the subject of this case. Amici are all economists employed at the New York University Stern School of Business, Northeastern University,

Georgetown University McDonough School of Business, or the University of Utah. As explained in the proposed brief, the proposed merger of Sprint and T-Mobile—even with the remedy that the U.S. Department of Justice has advanced in its Proposed Final Judgment—will have unambiguous anticompetitive effects. Amici respectfully request leave from this Court to file the accompanying Amici Curaie Brief addressing antitrust issues raised in this case.

Dated: January 13, 2020
New York, New York

Respectfully submitted,

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

/s/ Fred T. Isquith

Fred T. Isquith
Veronica Bosco
270 Madison Avenue
New York, New York 10016
212-545-4600
isquith@whafh.com
bosco@whafh.com

*Counsel for Amici Curiae*

Lawrence J. White
Nicholas Economides
John Kwoka
Thomas Philippon
Robert Seamans
Hal Singer
Marshall Steinbaum
44 West Fourth Street, 7-65
New York, NY 10012
212-998-0880
lwhite@stern.nyu.edu

*Amici Curiae*

Request GRANTED. The amici curiae described above are authorized to file a brief in these proceedings.

SO ORDERED.

1-14-20
DATE    VICTOR MARRERO, U.S.D.J.

3